SEALED

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN - 2 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

WILHAN MARTONO

NO. 3-20CR0274-N

FILE UNDER SEAL

## INDICTMENT

The Grand Jury charges:

### Introduction

At all times material to this indictment:

1. The website cityxguide.com ("CityXGuide") is a leading source of prostitution advertisements in the Northern District of Texas and elsewhere. CityXGuide is part of a network of interconnected websites that includes cityxguide.com, cityxguide.net, cityxguide.co, cityxguide.be, bodyrubshop.com, capleasures.com, and backpage.co (hereinafter, the "Illicit Websites"). The Illicit Websites share the same login pages, backend servers, contact information, Privacy Policy, and Terms of Use. Together, the Illicit Websites have posted hundreds of thousands of prostitution advertisements and generated tens of millions of dollars in prostitution-related revenue.

2. The defendant, **Wilhan Martono** ("Martono"), is the creator, owner, manager, and operator of the Illicit Websites.

Illicit Websites

3.     The Illicit Websites allow promoters (i.e., prostitutes, pimps, and brothels) to post and pay for prostitution advertisements. These advertisements generally include photographs of the person, usually a female, being advertised (often featuring full or partial nudity), along with a physical description, contact information, and a list of sexual services being offered. The Illicit Websites allow customers to view these advertisements, filter results by geography and category, and obtain contact information for the listed promoters.

4.     From the homepage of each of the Illicit Websites, customers are able to select the desired continent, country, state, or city from a list of hundreds of locations. The list of geographic regions includes the United States; Africa; Asia, Pacific & Middle East; Australia & Oceania; Canada; Europe; and Latin America & Caribbean. A list of "Favorite Cities" at the bottom of the homepage includes Dallas, as well as San Jose, San Francisco, Los Angeles, Las Vegas, Boston, Chicago, Atlanta, Miami, Sacramento, San Diego, Orlando, Austin, and Salt Lake City.

5.     After selecting a specific country or city from the homepage, customers are given the option to filter advertisements by the following categories: (1) Adult Jobs; (2) Body Rubs (which links directly to bodyrubshop.com); (3) Domination & Fetish; (4) Female Escorts; (5) Male Escorts; (6) Web Sex; (7) Phone Sex; (8) Strippers; and (9) Transsexual.

6.     After selecting one or more of these categories, customers are able to view a filtered list of advertisements displayed in reverse chronological order.

Advertisements generally include photographs of the female being advertised, along with a physical description of her anatomy (including a description of "Breasts," "Breasts Type," and "Grooming Down Under"). Advertisements further specify who the female "see[s]" (i.e., men, women, and/or couples), whether she is available for "Incall[s]" or "Outcall[s]," what her "Work Hours" are, and what "Method of Payments" are accepted. Advertisements also provide a name, age, location, and contact information for the female being advertised.

7.      Under the "Intimate Activities" category, advertisements specify the sexual services provided. The Illicit Websites provide a menu of "Intimate Activities" to choose from, allowing promoters to select the services to be listed in a particular advertisement by clicking a check box. Customers can then filter advertisements based on the services listed. The menu of "Intimate Activities" includes the following: "Breast relief / Russian," "Deep Throat," "Domination – mild (BDSM)," "Domination – severe," "Face sitting," "Fantasy outfits (on request)," "Girlfriend experience," "Intercourse – Anal (Greek)," "Intercourse – Oral," "Intercourse – Vaginal (FS)," "Kissing – closed lips," "Kissing – deep (DFK)," "Lunch / dinner dates," "Massage – sensual," "Massage – therapeutic," "Multiple sessions within date time (MSOG)," "Oral – CIM," "Oral – receiving (DATY)," "Oral – without condom (BBBJ)," "Pornstar experience (PSE)," "Prostate Massage," "Rimming – receiving," "Role-playing," "Service by two providers," "Striptease," "Submission," "Toy show," "Travel / extended dates," "Water sports – giving," "Water sports – receiving," "Will entertain couples," and "Will entertain women."

8.    The Illicit Websites also encourage customers to tell the promoter that they found the advertisement on that particular website.  For example, advertisements on CityXGuide feature the following banner:  "When you call, tell me that you see my ads on CITYXGUIDE.COM."  Advertisements on bodyrubshop.com similarly state: "When you call, tell me that you see my ads on BODYRUBSHOP.COM."

9.    To place an advertisement on one or more of the Illicit Websites, promoters create an account, log in, create a particular advertisement, and pay for advertisement upgrades.  The Illicit Websites do not accept any form of fiat currency. Instead, the promoter is required to pay by gift cards or Bitcoin, a form of cryptocurrency.  The Illicit Websites have accepted gift cards from Walmart, Target, Best Buy, Home Depot, Bed Bath & Beyond, Lowe's, Amazon, and Sephora.

10.    To start the process to pay for an advertisement, the promoter is required to input a gift card number or send Bitcoin to a specific Bitcoin wallet on the Illicit Websites.  Once the payment is processed, the promoter receives "credits" to be used to purchase and customize advertisements on the Illicit Websites.

11.    Gift cards were purchased in the Northern District of Texas and elsewhere and were submitted directly to the Illicit Websites as payments for prostitution advertisements posted for locations around the world.

12.    The Illicit Websites provide different options to determine where a particular advertisement will be posted.  If the promoter selects the "Bodyrubshop" option, the advertisement will be posted simultaneously on cityxguide.com, bodyrubshop.com, and backpage.co.  If any other category is selected, the

advertisement will be posted simultaneously on cityxguide.com and backpage.co.
Promoters can also post an advertisement without payment, but such an advertisement
will be displayed only on cityxguide.net and not on any of the other Illicit Websites.

13.     There are multiple types of advertisement upgrades available on the Illicit
Websites.  Option 1, entitled "Move Ads to Top of Listings," allows a promoter to
display an advertisement in the "Top Ad" section of the website at a cost of $5.00 an
hour.  Option 2, entitled "Auto Repost Ad to Top of Listings," allows a promoter to
automatically display a previous advertisement in the "Top Ad" section four times a
day at a cost of $20.00.  Option 3, entitled "Auto Repost Ad," allows a promoter to
display an advertisement at the top of the listings, but below the "Top Ad" section, at a
set time of day at a cost of $8.00 for four days.  Option 4, entitled "Sponsor Ad for
CityXGuide.com," allows a promoter to display an advertisement on the right side of
the website in every page for the selected city at a cost of $4.00 per week.

### Wilhan Martono

14.     Martono purchased the domain names for the Illicit Websites from
GoDaddy, a business that sells domain names.  He purchased the domain for
cityxguide.com on September 21, 2004.

15.     On April 6, 2018, the Federal Bureau of Investigation (FBI) seized
backpage.com, a website that was then the leading source of prostitution advertisements
in the United States and elsewhere.  On April 7, 2018, Martono registered the domain
names 1backpage.com, cityxguides.com, cityxguide.co, cityxguide.org, cityxguide.xyz,
cityxguide.online, and cityxguide.live.  On May 11, 2018, Martono registered

newbackpage.co. He later registered bodyrubshop.com on October 6, 2018, and capleasures.com on April 12, 2019.

16.    Martono also purchased and maintained the servers that host the Illicit Websites. In order to manage and operate the Illicit Websites, Martono leased server space, purchased server equipment, and purchased blocks of Internet Protocol ("IP") addresses, including more than 95 unique IP addresses.

17.    Martono took numerous steps to obfuscate the true location of the servers hosting the Illicit Websites. Among other things, Martono purchased services that prevented any Domain Information Groper ("dig") query from identifying the IP address of the origin server hosting the Illicit Websites. Martono also purchased a proxy service to route website traffic through an IP address in Europe before it reached the origin server.

18.    Martono also took steps to conceal the proceeds he derived from the Illicit Websites. Among other things, Martono used CardCash, a third-party gift card reseller, to exchange batches of gift cards uploaded to the Illicit Websites for U.S. currency. Martono often used a Virtual Private Network ("VPN") to mask his true IP address while conducting these transactions. He would then funnel the money obtained from his transactions with CardCash through a network of bank accounts to be used for personal expenses and to maintain the Illicit Websites. Since 2018, Martono has earned more than $21,000,000.00 in proceeds from the Illicit Websites.

Terms of Use

19.     The Illicit Websites share the same contact information, Privacy Policy,
and Terms of Use.

20.     The "Notification of Infringement" and "Contact Us" sections of the
Terms of Use purport to identify contact information for the Illicit Websites.  But the
physical address listed (115 Repulse Bay Road, Apartment 755, Repulse Bay, Hong
Kong) is associated with a residential unit in a Hong Kong apartment building.  The
phone number listed (+852 2866XXXX) is associated with a property management firm
in Hong Kong.  The fax number listed is the same as the phone number.

21.     The "User Conduct" section of the Terms of Use lists certain
requirements that customers and promoters agree to follow.  Section 4(a) of the Terms
of Use purports to prohibit "[p]osting adult content or explicit adult material unless:
(i) such material is specifically permitted in designated adult categories and permitted
under applicable federal, state, and local law; and (ii) you are at least 18 years of age or
older and not considered to be a minor in your state of residence."  But the Illicit
Websites openly advertise commercial sex acts in hundreds of jurisdictions where
prostitution is illegal.  For example, the CityXGuide homepage lists a total of 14
"Favorite Cities," including Dallas, Texas.  Prostitution is illegal in Texas and in all 14
of the "Favorite Cities" listed.

22.     Section 4(b) of the Terms of Use purports to prohibit "obscene or lewd
and lascivious graphics or photographs which depict genitalia or actual or simulated sex
acts."  But the majority of advertisements on the Illicit Websites include photographs

that depict full or partial nudity and obscene, lewd, and lascivious depictions of female genitalia.

23.     Section 4(c) of the Terms of Use purports to prohibit "[p]osting any solicitation directly or in 'coded' fashion for any illegal service exchanging sexual favors for money or other valuable consideration." But the menu of "Intimate Activities" provided by the Illicit Websites includes dozens of sex acts described with code words and without them.

24.     Sections 4(d) and 4(e) of the Terms of Use purport to prohibit "[p]osting any material . . . that exploits minors in any way" or "constitutes or assists in human trafficking." But numerous victims of child sex trafficking have been identified in CityXGuide advertisements, including a 13-year-old Jane Doe who was identified based on a CityXGuide advertisement and recovered in the Northern District of Texas in November 2019.

25.     Martono frequently corresponded with promoters who complained about the placement of their advertisements or other technical issues on the Illicit Websites. That correspondence often included the URL address of a specific advertisement or screenshots from one of the Illicit Websites. For example, in a May 5, 2019 email exchange, Martono sent the promoter a screenshot of a list of CityXGuide advertisements, including one with the title, "I AM READY FOR SEX." In an email exchange with Martono on January 22, 2019, another promoter described CityXGuide as "[t]aking over from where Backpage left off."

26.     Martono also received numerous emails from federal, state, and local law enforcement officers across the country, informing him that CityXGuide was being used to facilitate sex trafficking and child exploitation. Martono also received numerous subpoenas for subscriber information, IP addresses, and other records related to these investigations.

Count One
Promotion and Facilitation of Prostitution and Reckless Disregard of Sex Trafficking
(Violation of 18 U.S.C. § 2421A)

27.     The factual allegations in Paragraphs 1–26 are incorporated by reference

and re-alleged as though fully set forth herein.

28.     From on or about April 11, 2018, and continuing through the present, in

the Northern District of Texas and elsewhere, the defendant, **Wilhan Martono,** with

the intent to promote and facilitate the prostitution of another person, and using a

facility and means of interstate and foreign commerce and in and affecting interstate

and foreign commerce, did own, manage, and operate an interactive computer service,

as that term is defined in 47 U.S.C. § 230(f), and did promote and facilitate the

prostitution of five or more persons, and did so in reckless disregard of the fact that

such conduct contributed to sex trafficking in violation of 18 U.S.C. § 1591(a).

In violation of 18 U.S.C. § 2421A.

Count Two

Conspiracy To Engage in Interstate and Foreign Travel and Transportation
In Aid of Racketeering Enterprises—Facilitating Prostitution
(Violation of 18 U.S.C. § 371 (18 U.S.C. § 1952(a)(3)(A))

29.    The factual allegations in Paragraphs 1–28 are incorporated by reference

and re-alleged as though fully set forth herein.

30.    Beginning in or around 2010, the exact date being unknown to the Grand

Jury, and continuing through the present, in the Northern District of Texas and

elsewhere, the defendant, **Wilhan Martono**, did knowingly and willfully combine,

conspire, confederate, and agree with other persons known and unknown to the Grand

Jury, to commit an offense against the United States, to wit: Interstate and Foreign

Travel and Transportation in Aid of Racketeering Enterprises—Facilitating Prostitution,

in violation of 18 U.S.C. § 1952(a)(3)(A).

Object of the Conspiracy

31.    The object of the conspiracy was to obtain money from the promotion and

facilitation of prostitution.

Manner and Means of the Conspiracy

32.    The manner and means of the conspiracy are described in Paragraphs 1–

26 above, incorporated by reference and re-alleged as though fully set forth herein.

## Overt Acts

33.     Overt acts were committed in furtherance of the conspiracy, including but not limited to those described in Paragraphs 14–18, incorporated by reference and re-alleged as though fully set forth herein.

In violation of 18 U.S.C. § 371 (18 U.S.C. § 1952(a)(3)(A)).

Counts Three–Eleven
Interstate and Foreign Travel and Transportation in Aid of
Racketeering Enterprises—Facilitating Prostitution
(Violation of 18 U.S.C. § 1952(a)(3)(A))

34.     The factual allegations in Paragraphs 1–33 are incorporated by reference

and re-alleged as though fully set forth herein.

35.     On or about the dates set forth below, each instance constituting a separate

count of this indictment in the Northern District of Texas and elsewhere, the defendant,

**Wilhan Martono**, and other persons known and unknown to the Grand Jury, did use the

mail and any facility in interstate and foreign commerce with intent to otherwise promote,

manage, establish, carry on, and facilitate the promotion, management, establishment,

and carrying on of an unlawful activity, to wit: prostitution offenses in violation of the

laws of the State in which they are committed and of the United States, including but not

limited to Texas Penal Code § 43.02, and thereafter performed and attempted to perform

an act that did promote, manage, establish, carry on, and facilitate the promotion,

management, establishment, and carrying on of the unlawful activity, on or about the

listed dates, as follows:

| Count | Date | Description |
|-------|------|-------------|
| Three | November 4, 2019 | Publish advertisement entitled, "YELLOW BUNNY READY TO HOP ON IT" |
| Four | March 4, 2020 | Publish advertisement entitled, "SeXy LaTiNa BaRBiE YoUr NeW AddIctTiON" |
| Five | March 4, 2020 | Publish advertisement entitled, "LET ME SATISFY YOUR NEEDS!!  FRESH FACIALS, FABULOUSLY WET, FETISH FRIENDLY" |

| Count | Date | Description |
|---|---|---|
| Six | March 4, 2020 | Publish advertisement entitled, "IT's true EVERYTHING IS BIGGER IN TEXAS ? LETS PLAY" |
| Seven | March 4, 2020 | Publish advertisement entitled, "HEAVENLY DOUBLESTACK SPECIALS!  THICK CARAMEL BIG OL BOOTY HEAVENLY DOUBLESTACK!" |
| Eight | March 4, 2020 | Publish advertisement entitled, "Dallas & Odessa INCALLS Greek AVAILABLE (NO BARE) Kinky Sex and All Fetishes 702357XXXX" |
| Nine | March 11, 2020 | Publish advertisement entitled, "Sensual Perfection – VIP Experience with a Charming model" |
| Ten | March 11, 2020 | Publish advertisement entitled, "Asian Beautiful Sexy girls REAL PICS BBJ GEL GFE 69 ASIAN NEW FACE BIG SURPRISE call 320-307-XXXX" |
| Eleven | March 11, 2020 | Publish advertisement entitled, "TOP NOTCH 100% REAL MUST SEE MUST HAVE MUST DO!" |

In violation of 18 U.S.C. § 1952(a)(3)(A).

Counts Twelve–Twenty-Eight
Laundering of Monetary Instruments
(Violation of 18 U.S.C. § 1956(a)(1)(B)(i))

36.    The factual allegations in Paragraphs 1–35 are incorporated by reference and re-alleged as though fully set forth herein.

37.    On or about the dates set forth below, each instance constituting a separate count of this indictment, in the Northern District of Texas and elsewhere, the defendant, **Wilhan Martono,** knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct and attempt to conduct such a financial transaction which in fact involved the proceeds of a specified unlawful activity, to wit: Promotion and Facilitation of Prostitution and Reckless Disregard of Sex Trafficking in violation of 18 U.S.C. § 2421A, and Interstate and Foreign Travel and Transportation in Aid of Racketeering Enterprises—Facilitating Prostitution in violation of 18 U.S.C. § 1952(a)(3)(A), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, as follows:

| Count | Date | Financial Transaction |
|-------|------|----------------------|
| Twelve | November 25, 2018 | Transfer of approximately 200 Target gift cards totaling $6,965.00 to CardCash in exchange for $5,808.60 in U.S. currency. |
| Thirteen | November 25, 2018 | Transfer of approximately 200 Target gift cards totaling $5,165.00 to CardCash in exchange for $4,338.60 in U.S. currency. |

| Count | Date | Financial Transaction |
|---|---|---|
| Fourteen | November 25, 2018 | Transfer of approximately 200 Target gift cards totaling $5,225.00 to CardCash in exchange for $4,389.00 in U.S. currency. |
| Fifteen | November 25, 2018 | Transfer of approximately 200 Target gift cards totaling $6,295.00 to CardCash in exchange for $5287.80 in U.S. currency. |
| Sixteen | November 25, 2018 | Transfer of approximately 200 Target gift cards totaling $7,070.00 to CardCash in exchange for $5,770.80 in U.S. currency. |
| Seventeen | November 25, 2018 | Transfer of approximately 200 Target gift cards totaling $6,450.00 to CardCash in exchange for $5,418.00 in U.S. currency. |
| Eighteen | November 27, 2018 | Transfer of approximately 200 Target gift cards totaling $6,260.00 to CardCash in exchange for $5,423.16 in U.S. currency. |
| Nineteen | November 27, 2018 | Transfer of approximately 200 Target gift cards totaling $6,760.00 to CardCash in exchange for $5,678.40 in U.S. currency. |
| Twenty | November 27, 2018 | Transfer of approximately 200 Target gift cards totaling $7,585.00 to CardCash in exchange for $6,371.40 in U.S. currency. |
| Twenty-One | November 27, 2018 | Transfer of approximately 200 Target gift cards totaling $5,280.00 to CardCash in exchange for $4,435.20 in U.S. currency. |
| Twenty-Two | November 27, 2018 | Transfer of approximately 200 Target gift cards totaling $4,940.00 to CardCash in exchange for $4,149.60 in U.S. currency. |
| Twenty-Three | November 27, 2018 | Transfer of approximately 200 Target gift cards totaling $4,300.00 to CardCash in exchange for $3,612.00 in U.S. currency. |

| Count | Date | Financial Transaction |
|-------|------|----------------------|
| Twenty-Four | January 28, 2019 | Transfer of approximately 152 Walmart gift cards totaling $6,928.00 to CardCash in exchange for $6,364.56 in U.S. currency. |
| Twenty-Five | February 4, 2019 | Transfer of approximately 196 Walmart gift cards totaling $10,439.84 to CardCash in exchange for $9,554.06 in U.S. currency. |
| Twenty-Six | March 18, 2019 | Transfer of approximately 222 Walmart gift cards totaling $11,246.92 to CardCash in exchange for $10,144.84 in U.S. currency. |
| Twenty-Seven | April 1, 2019 | Transfer of approximately 219 Walmart gift cards totaling $12,599.58 to CardCash in exchange for $10,933.81 in U.S. currency. |
| Twenty-Eight | May 20, 2019 | Transfer of approximately 328 Walmart gift cards totaling $17,705.93 to CardCash in exchange for $16,038.17 in U.S. currency. |

In violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Criminal Forfeiture
(18 U.S.C. § 2428(a); 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);
and 18 U.S.C. § 982(a)(1))

Upon conviction for the offense alleged in Count One of the indictment, the

defendant, **Wilhan Martono**, shall forfeit to the United States, pursuant to 18 U.S.C.

§ 2428(a), any property, real or personal, used, or intended to be used, to commit or to

facilitate the commission of the violation; and any property, real or personal,

constituting or derived from any proceeds obtained, directly or indirectly, as a result of

the violation.

Upon conviction for any of the offenses alleged in Counts Two through Eleven

of the indictment, the defendant, **Wilhan Martono**, shall forfeit to the United States,

pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or

personal, which constitutes or is derived from proceeds traceable to the respective

violation(s).

Upon conviction for any of the offenses alleged in Counts Twelve through

Twenty-Eight of the indictment, the defendant, **Wilhan Martono**, shall forfeit to the

United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real and personal,

involved in, or traceable to property involved in, the respective violation(s).

The property subject to forfeiture includes, but is not limited to, the following:

a.    All funds contained in checking account #XXXXXXX6485 in the name
      of Wilhan Martono at Bank of America.

b.    All funds contained in checking account #XXXXXXX9716 in the name
      of Host Online LLC at Bank of America.

c.    All funds contained in checking account #XXXXXX7129 in the name of
      Wilhan Martono at Wells Fargo Bank.

d. All funds contained in checking account #XXXXXXX7876 in the name of Wilhan Martono dba Gamers and Gifts at Union Bank.

e. All funds contained in checking account #XXXXXXX3465 in the name of Wilhan Martono at Union Bank.

f. All funds contained in account #XXXXX4691 in the name of Wilhan Martono at TD Ameritrade.

g. All funds contained in savings account #XXXXXXXXX7663 in the name of Wilhan Martono at Barclays Bank Delaware.

h. All funds contained in savings account #XXXXXXXXX3027 in the name of Wilhan Martono at Goldman Sachs.

i. All funds contained in checking account #XXXXXXX1866 in the name of Wilhan Martono and Chenny Atmadja at JPMorgan Chase Bank.

j. All funds contained in checking account #XXXXX2158 in the name of Wilhan Martono dba Gamers and Gifts at JPMorgan Chase Bank.

k. All funds contained in checking account #XXXXX8510 in the name of Wilhan Martono at HSBC Bank.

l. All funds contained in savings account #XXXXX0436 in the name of Wilhan Martono at HSBC Bank.

m. All things of value, including precious metals and bullion, purchased in 2018 and 2019 by, for, or on behalf of Wilhan Martono from Silver Bullion Pte LTD (UEN 200907537M) in Singapore.

n. All things of value, including precious metals and bullion, purchased in 2018 and 2019 by, for, or on behalf of Wilhan Martono from Silver Bullion Pte LTD (UEN 200907537M) in Singapore and stored, maintained, or housed at Safe House SG Pte Ltd (UEN 201326241Z) in Singapore.

If any of the above-described forfeitable property, as a result of any act or

omission of the defendant, (a) cannot be located upon the existence of due diligence;

(b) has been transferred or sold to, or deposited with, a third party; (c) has been placed

beyond the jurisdiction of the court; (d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without

difficulty, the United States intends, pursuant to 21 U.S.C. § 853(p), to seek the

forfeiture of other property from the defendant up to the value of the forfeitable property described in this forfeiture notice.

A TRUE BILL

_____

FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____

Siddharth Mody
Texas Bar No. 24072791
Rebekah Ricketts
Texas Bar No. 24074883
John de la Garza
Texas Bar No. 00796455
Assistant United States Attorneys
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8744
Facsimile: 214-659-8800
Email: siddharth.mody@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

THE UNITED STATES OF AMERICA

v.

WILHAN MARTONO

---

INDICTMENT

18 U.S.C. § 2421A
Promotion and Facilitation of Prostitution and Reckless Disregard of Sex Trafficking
(Count 1)

18 U.S.C. § 371 (18 U.S.C. § 1952(a)(3)(A))
Conspiracy to Engage in Interstate and Foreign Travel and Transportation
In Aid of Racketeering Enterprises—Facilitating Prostitution
(Count 2)

(18 U.S.C. § 1952(a)(3)(A))
Interstate and Foreign Travel and Transportation in Aid of
Racketeering Enterprises—Facilitating Prostitution
(Counts 3 through 11)

18 U.S.C. § 1956(a)(1)(B)(i)
Laundering of Monetary Instruments
(Counts 12 through 28)

18 U.S.C. § 2428(a); 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);
and 18 U.S.C. § 982(a)(1)
Forfeiture Notice

28 Counts

[remainder of page left intentionally blank]

A true bill rendered

_____

DALLAS                                                                                    FOREPERSON

Filed in open court this 2⁄⁄ day of June, 2020.

_____

**Warrant to be Issued**

_____

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending