CLOSED

# U.S. District Court
# California Northern District (Oakland)
# CRIMINAL DOCKET FOR CASE #: 4:20-mj-70795-MAG-1

Case title: USA v. Martono                     Date Filed: 06/17/2020
Other court case number: 3-20CR0274-N Northern District    Date Terminated: 06/23/2020
                         of Texas, Dallas Division

---

Assigned to: Magistrate Judge

## Defendant (1)

**Wilhan Martono**                  represented by  **Sophia Maria Whiting**
*TERMINATED: 06/23/2020*                            Federal Public Defender
                                                    Northern District of California
                                                    450 Golden Gate Avenue
                                                    Room 19-6884
                                                    Box 36106
                                                    San Francisco, CA 94102
                                                    (415) 436-7700
                                                    Email: sophia_whiting@fd.org
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: Public Defender or*
                                                    *Community Defender Appointment*

## Pending Counts                               **Disposition**

None

## Highest Offense Level (Opening)

None

## Terminated Counts                            **Disposition**

None

## Highest Offense Level (Terminated)

None

## Complaints                                   **Disposition**

18:2421A: Promotion and Facilitation
of Prostitution and Reckless Disregard
of Sex Trafficking; 18:371, 1952(a)(3)

(A): Conspiracy to Engage in Interstate
and Foreign Travel and Transportation
in Aid of Racketeering Enterprises-
Facilitating Prostitution; 18:1952(a)(3)
(A): Interstate and Foreign Travel and
Transportation in Aid of Racketeering
Enterprises-Facilitating Prostitution;
18:1956(a)(l)(B(i): Laundering of
Monetary Instruments

---

**Plaintiff**

**USA**                             represented by **Andrew Joseph Briggs**
                                                   U.S. Attorney's Office
                                                   1301 Clay Street
                                                   Suite 340S
                                                   Oakland, CA 94612
                                                   (510) 637-3697
                                                   Fax: (510) 637-3724
                                                   Email: andrew.briggs@usdoj.gov
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*
                                                   *Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/17/2020 | 1 | Notice of Proceedings on Out-of-District Criminal Charges Pursuant to Rules 5 (c)(2) and (3) of the Federal Rules of Criminal Procedure as to Wilhan Martono (1). (jlmS, COURT STAFF) (Filed on 6/17/2020) (Entered: 06/17/2020) |
| 06/18/2020 | 3 | Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi: Initial Appearance as to Wilhan Martono held on 6/18/2020 Detention Hearing set for 6/22/2020 at 10:30 AM before Magistrate Judge Laurel Beeler. All appearances by Zoom. Defendant consents to appear by Zoom. (Time: Zoom 11:56-12:18). (jlmS, COURT STAFF) (Filed on 6/18/2020) (Entered: 06/19/2020) |
| 06/19/2020 | 2 | MOTION *for Detention* by USA as to Wilhan Martono. Motion Hearing set for 6/22/2020 10:30 AM before Magistrate Judge Laurel Beeler. (Briggs, Andrew) (Filed on 6/19/2020) (Entered: 06/19/2020) |
| 06/19/2020 | 4 | **ORDER RE STATUS OF TRANSFER TO NORTHERN DISTRICT OF TEXAS as to Wilhan Martono. Signed by Magistrate Judge Virginia K. DeMarchi on 06/16/20. (jlmS, COURT STAFF) (Filed on 6/19/2020) (Entered: 06/19/2020)** |
| 06/22/2020 | 5 | NOTICE OF ATTORNEY APPEARANCE: Sophia Maria Whiting appearing for Wilhan Martono (Whiting, Sophia) (Filed on 6/22/2020) (Entered: 06/22/2020) |

| 06/22/2020 | 6 | Memorandum in Opposition by Wilhan Martono re 2 Motion for Detention (Attachments: # 1 Exhibit A)(Whiting, Sophia) (Filed on 6/22/2020) Modified on 6/23/2020 (jlmS, COURT STAFF). (Entered: 06/22/2020) |
| --- | --- | --- |
| 06/22/2020 | 7 | **DETENTION ORDER as to Wilhan Martono. Signed by Magistrate Judge Laurel Beeler on 06/22/2020. (ejkS, COURT STAFF) (Filed on 6/22/2020) (Entered: 06/22/2020)** |
| 06/22/2020 | 8 | Minute Entry for proceedings held before Magistrate Judge Laurel Beeler: Motion Hearing as to Wilhan Martono held on 6/22/2020 re 2 Motion for Detention filed by USA. Detention Hearing as to Wilhan Martono held on 6/22/2020. Defendant Ordered DETAINED. Identity/Removal Hearing set for 6/25/2020 at 10:30 AM before Magistrate Judge Virginia K. DeMarchi. Defendant WAIVES personal appearance; consents to video appearance. Defendant's Motion for Release is DENIED Without Prejudice. Order for Detention Signed and filed this date. (Court Reporter: Debra Pas). (Time 1:25-1:45). (jlmS, COURT STAFF) (Filed on 6/22/2020) (Entered: 06/23/2020) |
| 06/23/2020 | 9 | **COMMITMENT TO ANOTHER DISTRICT as to Wilhan Martono. Defendant committed to the Northern District of Texas; Dallas Division. Signed by Magistrate Judge Virginia K. DeMarchi on 06/23/20. (jlmS, COURT STAFF) (Filed on 6/23/2020) (Entered: 06/23/2020)** |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 06/25/2020 06:09:54 | | |
| **PACER Login:** | thomasdrew:3879184:4259697 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:20-mj-70795-MAG |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

**PACER fee: Exempt**

1   DAVID L. ANDERSON (CABN 149604)
    United States Attorney

2

3   HALLIE HOFFMAN (CABN 210020)
    Chief, Criminal Division

4   ANDREW J. BRIGGS (CABN 294224)
    Special Assistant United States Attorney

5

6       1301 Clay Street, Suite 340S
        Oakland, California 94612
7       Telephone: (510) 637-3697
        FAX: (510) 637-3724
        andrew.briggs@usdoj.gov

8

9   Attorneys for United States of America

| | |
|---|---|
| **FILED** | |
| Jun 17 2020 | |
| SUSAN Y. SOONG | |
| CLERK, U.S. DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |
| OAKLAND | |

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                         OAKLAND DIVISION

13   UNITED STATES OF AMERICA,           )   CASE NO.   4:20-mj-70795-MAG
                                         )
14           Plaintiff,                  )   NOTICE OF PROCEEDINGS ON OUT-OF-
                                         )   DISTRICT CRIMINAL CHARGES PURSUANT TO
15      v.                               )   RULES 5(c)(2) AND (3) OF THE FEDERAL
                                         )   RULES OF CRIMINAL PROCEDURE
16   WILHAN MARTONO,                     )
                                         )
17           Defendant.                  )
                                         )
18   _____ )

19          Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure

20   that on June 17 2020, the above-named defendant was arrested pursuant to an arrest warrant (copy

21   attached) issued upon an

22       ■      Indictment

23       □      Information

24       □      Criminal Complaint

25       □      Other (describe) _____

26   pending in the Northern District of Texas, Dallas Division, Case Number 3-20CR0274-N.

27          In that case (copy of indictment attached), the defendant is charged with a violation(s) of Title(s)

28   United States Code, Section(s):

RULE 5                              1

COUNT ONE: 18 U.S.C. § 2421A – Promotion and Facilitation of Prostitution and Reckless Disregard of Sec Trafficking.

COUNT TWO: 18 U.S.C. §§ 371, 1952(a)(3)(A) – Conspiracy To Engage in Interstate and Foreign Travel and Transportation In Aid of Racketeering Enterprises-Facilitating Prostitution.

COUNTS THREE-ELEVEN: 18 U.S.C. §1952(a)(3)(A) - Interstate and Foreign Travel and Transportation In Aid of Racketeering Enterprises-Facilitating Prostitution.

COUNTS TWELVE-TWENTY-EIGHT: 18 U.S.C. §1956(a)(1)(B)(i) – Laundering of Monetary Instruments.

The maximum penalties are as follows:

COUNT ONE:

Imprisonment not to exceed 10 years, or not to exceed 25 years for an aggravated violation; fine not to exceed $250,000; a term of supervised release of not more than 5 years; mandatory restitution; mandatory special assessment of $100.00; and forfeiture of property.

COUNT TWO:

Imprisonment not to exceed 5 years; fine not to exceed $250,000; a term of supervised release of not more than 3 years; potential restitution; mandatory special assessment of $100; and forfeiture of property.

COUNTS THREE-ELEVEN:

Imprisonment not to exceed 5 years; fine not to exceed $250,000; a term of supervised release of not more than 3 years; potential restitution; mandatory special assessment of $100; and forfeiture of property.

///

///

///

RULE 5                                            2

1   COUNTS TWELVE-TWENTY-EIGHT:

2        Imprisonment not to exceed 20 years; fine not to exceed $500,000, or twice the value of

3   the property involved in the transaction, whichever is greater; a term of supervised release of not

4   more than 3 years; potential restitution; mandatory special assessment of $100; and forfeiture of

5   property.

6                                               Respectfully Submitted,

7                                               DAVID L. ANDERSON
                                                United States Attorney
8

9   Date: June 17, 2020

                                                ANDREW J. BRIGGS
10                                              Special Assistant United States Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    RULE 5                                  3

DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ANDREW J. BRIGGS (CABN 294224)
Special Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    andrew.briggs@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:20-MJ-70795 MAG |
| Plaintiff, | UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DETENTION |
| v. | |
| WILHAN MARTONO, | Date:    June 22, 2020 |
| Defendant. | Time:   10:30 a.m. |
| | Court:  Honorable Laurel Beeler |

## INTRODUCTION

Defendant Wilhan Martono is the creator, owner, and operator of a network of illicit websites, including cityxguide.com ("CityXGuide"), that promote and facilitate widespread prostitution and sex trafficking globally. CityXGuide and its related websites allowed pimps, prostitutes, and brothels to post hundreds of thousands of advertisements for commercial sex, earning Martono more than $21 million in illicit proceeds. Martono built and customized the websites from start to finish, registering the domain names, purchasing the servers, and "cashing out" the gift cards uploaded to the websites in payment for the advertisements. As one advertiser remarked in an email to Martono, CityXGuide is "[t]aking over from where Backpage left off."

Numerous minor sex trafficking victims have been identified in CityXGuide advertisements,

1  including a 13-year-old Jane Doe rescued from North Texas in November 2019.  And law enforcement

2  agents from across the country have repeatedly contacted Martono to inform him that CityXGuide was

3  facilitating sex trafficking and child exploitation.  Martono never responded to these inquiries—or to the

4  grand jury subpoenas and legal process served in those investigations.  Instead, he actively worked to

5  conceal his identity, online activity, and profits, including by routing CityXGuide website traffic through

6  an IP address in Europe, using a Virtual Private Network ("VPN"), posting fake contact information on

7  the websites, and funneling his gift card proceeds through a network of business and personal bank

8  accounts.

9       For this conduct, a grand jury in the Northern District of Texas returned a 28-count indictment

10  charging Martono with Promotion and Facilitation of Prostitution and Reckless Disregard of Sex

11  Trafficking in violation of 18 U.S.C. § 2421A; Conspiracy to Engage in Interstate and Foreign Travel

12  and Transportation In Aid of Racketeering Enterprises in violation of 18 U.S.C. § 371; Interstate and

13  Foreign Travel and Transportation in Aid of Racketeering Enterprises—Facilitating Prostitution in

14  violation of 18 U.S.C. § 1952(a)(3)(A); and Laundering of Monetary Instruments in violation of 18

15  U.S.C. § 1956(a)(1)(B)(i).  Martono was arrested on the indictment on June 17, 2020.  The government

16  orally moved for pretrial detention at his initial appearance on the basis of serious risk of flight, serious

17  risk of obstruction of justice, and danger to the community.  The government now supplements its oral

18  motion with this written motion.

**BACKGROUND**

19

20  **I.    OFFENSE CONDUCT**

21       **A.    How CityXGuide Works.**

22       As detailed more fully in the indictment, from the homepage of CityXGuide and affiliated

23  websites, which Martono created and operated, customers can review and select advertisements from a

24  list of hundreds of locations around the world.  The homepage list of "Favorite Cities" includes Dallas,

25  as well as San Jose, San Francisco, Los Angeles, Las Vegas, Boston, Chicago, Atlanta, Miami,

26  Sacramento, San Diego, Orlando, Austin, and Salt Lake City.  The advertisements generally include

27  nude or partially nude photographs of the person (typically a female) being advertised, along with a

28  description of her physical anatomy (including a description of her "Breasts," "Breasts Type," and

"Grooming Down Under").  They also specify who the person "see[s]" (men, women, and/or couples),
whether she is available for "Incall[s]" or "Outcall[s]," what her "Work Hours" are, and what
"Method[s] of Payments" are accepted.

To post an advertisement, promoters (i.e., pimps, prostitutes, and brothels) are required to create
an account, log in, and customize the draft advertisement.  In the course of the investigation, law
enforcement agents acting in an undercover capacity created and paid for advertisements on the
websites.  In doing so, law enforcement determined that the menu of sexual services (or "Intimate
Activities") to be offered appears as a checklist in the draft advertisement.  Those "Intimate Activities"
include "Intercourse – Anal (Greek)," "Intercourse – Oral," "Intercourse – Vaginal (FS)," "Oral –
receiving (DATY)," "Oral – without condom (BBBJ)," "Pornstar experience (PSE)," "Prostate
Massage," and "Rimming – receiving," among others.

The websites also offer paid advertisement "upgrades" to secure premium website placement.
For example, the "Move Ads to Top of Listings" upgrade allows a promoter to display an advertisement
in the "Top Ad" section of the website at a cost of $5.00 an hour.  The websites do not accept any form
of fiat currency.  Instead, upgrades must be purchased with gift cards from Walmart, Target, Best Buy,
Amazon, and other retailers, or with Bitcoin.  To pay for an advertisement upgrade, a promoter is
required to input a gift card number or send Bitcoin to a specific Bitcoin wallet on the websites.

**B.**  **Martono Created and Operated CityXGuide, Failed to Comply With Legal Process
in Human Trafficking Investigations, Accumulated More Than $21 Million in
Illegal Proceeds, and Obstructed Justice at the Time of His Arrest.**

Martono is an Indonesian citizen residing as a visa overstay in Fremont, California.[1]  He is also
the creator, owner, and operator of CityXGuide and a related suite of websites.

Martono built CityXGuide and its related websites from start to finish.  He purchased the domain
names for each of the websites and the servers that host them.  He purchased services to prevent an
open-source query from identifying the location of the origin server.  And he routed CityXGuide website
traffic through an IP address in Europe using a virtual private network (VPN).

---

[1]  Martono first arrived in the United States on an H-1B visa in May 2001.  His H-1B visa status expired in
October 2006 and has not been renewed.  The government is informed and believes that Martono currently has an
ICE detainer at Santa Rita Jail.

1       Martono has owned and operated CityXGuide, the centerpiece of his online platform, since at

2 least 2010.  In 2018, he worked to expand CityXGuide's share of the commercial sex market by

3 capitalizing on the takedown of Backpage.com, a website that was then the leading source of

4 prostitution and sex trafficking advertisements in the United States.  On April 6, 2018, the Federal

5 Bureau of Investigation (FBI) seized Backpage.  On April 7, Martono registered a series of additional

6 domain names—including 1backpage.com, cityxguides.com, cityxguide.co, cityxguide.org,

7 cityxguide.xyz, cityxguide.online, and cityxguide.live.

8       Law enforcement agents from across the country repeatedly contacted Martono at

9 support@cityxguide.com, the same email address he used to correspond with promoters who

10 complained about the placement of their advertisements or reported other technical issues.[2]  The agents

11 informed Martono that CityXGuide was facilitating sex trafficking and child exploitation and served

12 grand jury subpoenas (or requested information to effectuate service) related to those investigations.  A

13 few examples are below:

14

15 

16

17

18

19

20

21

22

23

24

25

26

27 ────────────

28 [2]  Search warrant returns identified Martono as the subscriber for wmartono@gmail.com, and "cookie data" associated that address with sales@cityxguide.com and support@cityxguide.com, indicating that the same device was used to access all three accounts.



According to Martono's own email records, he never responded to these law enforcement inquiries, or to the grand jury subpoenas served in these investigations.  Instead, Martono actively worked to disguise his involvement in the websites, including by using a VPN to mask his IP address and listing the contact information for a property management firm in Hong Kong under the "Contact Us" section of the websites.

Martono also collected more than $21 million in proceeds from the gift cards that promoters uploaded to the websites to pay for advertisement upgrades.  He "cashed out" those cards through a third party gift card reseller, and then deposited the money into a network of bank accounts in his name and the names of business entities unrelated to the websites.  Martono eventually transferred more than $3 million of the funds to his father's bank accounts overseas.  He also used the gift card proceeds to purchase $2.5 million in precious metals (silver) from a Singaporean bullion broker.  That silver remains stored in a bank vault in Singapore.  In addition, Martono appears to have been poised to commit federal

income tax fraud by reporting only a small fraction of his income on his 2019 tax returns.[3]

On top of all that, Martono appears to have actively obstructed justice by attempting to conceal evidence at the time of his arrest.  When law enforcement agents knocked and announced at the Martono residence to execute his arrest warrant, no one answered the door for approximately two to three minutes.  After the agents breached the door, they waited an additional two to three minutes before commencing a search of the house.  Agents ultimately encountered Martono in his home office on the third floor of his residence, approximately six minutes after the initial announcement.  During the subsequent search of the residence, agents located two MacBook Pro laptop computers that were *powered on* and stashed in a box marked "WEDDING FAVORS" in the attic next to Martono's home office.  Pictures of the attic where the laptops were recovered are below:

 

## ARGUMENT

Martono is a sophisticated cyber expert with significant international ties, ample financial resources, and a history of refusing to comply with legal process and potentially obstructing justice.

---

[3]  During the execution of a search warrant at Martono's residence following his arrest, federal agents found prepared, but not yet filed, 2019 federal income tax returns for Martono, his wife, and Host Online, a business run by Martono.  According to the returns, Martono and his wife claim $93,180 in taxable income in 2019, and Host Online claims approximately $176,000 in revenue in 2019.  Those figures vary dramatically from the more than $4.8 million deposited into just two of Martono's personal accounts in 2019, and the more than $7.5 million deposited into a bank account for Host Online in 2019.

1   Given those characteristics, any form of pretrial release poses an overwhelming risk that Martono will

2   not obey court directives, but instead will flee the United States, destroy evidence, and reconstitute his

3   criminal enterprise abroad.  Because there is no condition or combination of conditions can reasonably

4   assure Martono's future appearance or the safety of the community, this Court should order him

5   detained pending trial.

6   **I.      Legal Standards**

7            The Bail Reform Act of 1984 authorizes pretrial detention of a defendant without bail where "no

8   condition or combination of conditions will reasonably assure the appearance of the person as required

9   and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  Detention is

10   appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to

11   prove both.  *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).  A finding that a

12   defendant is a danger to the community must be supported by clear and convincing evidence.  18 U.S.C.

13   § 3142(f)(2)(B).  A finding that a defendant is a flight risk need only be supported by a preponderance of

14   the evidence.  *See Motamedi*, 767 F.2d at 1406.  "[T]he Bail Reform Act mandates an [1] individualized

15   evaluation [2] guided by the factors articulated in § 3142(g)."  *See United States v. Diaz-Hernandez*, 943

16   F.3d 1196, 1199 (9th Cir. 2019).

17            The Court must consider four factors in determining whether the pretrial detention standard is

18   met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the

19   defendant; (3) the history and characteristics of the defendant, including the defendant's character,

20   physical and mental condition, family and community ties, past conduct, history relating to drug or

21   alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as

22   whether the crime was committed while the defendant was on probation or parole; and (4) the nature and

23   seriousness of the danger to any person or to the community that would be posed by the defendant's

24   release.  18 U.S.C. § 3142(g); *see United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

25   **II.     Martono Is Both a Flight Risk and a Danger to the Community**

26            All four of the Section 3142(g) detention factors weigh in favor of detention here.  The nature

27   and circumstances of the charged offense, the weight of the evidence, and Martono's history and

28   characteristics—particularly his international ties, financial resources, and history of refusing to comply

with legal process and actively concealing evidence—demonstrate that Martono is a flight risk.  And the danger Martono poses to the community is evident from the fact that he was repeatedly informed that CityXGuide was being used to facilitate sex trafficking and child exploitation—and did nothing.

**A.      Martono Is a Flight Risk.**

The nature and circumstances of the charged offense weighs heavily in favor of detention. Martono's offense conduct is very serious.  As described above, Martono is charged with creating, owning, and operating a network of websites that posted hundreds of thousands of prostitution advertisements, and doing so in reckless disregard of the fact that his websites promoted and facilitated sex trafficking.

Moreover, the weight of the evidence against Martono is strong.  There can be no dispute that CityXGuide and its related websites promoted and advertised commercial sex.  The menu of "Intimate Activities" that was *prepopulated* in draft advertisements includes dozens of explicit sex acts described both with code words and without them.  And the evidence that Martono himself was the creator and master of the CityXGuide universe is equally strong.  Martono registered the domain names for the Illicit Websites, purchased the servers, and exchanged the gift cards for U.S. currency.  He also registered a series of additional domains—including 1backpage.com—the *day after* FBI seized Backpage, in a transparent attempt to capitalize on that seizure.  Although the weight-of-the-evidence factor is deemed the least important by case law, courts are still "require[d]" to consider it.  *See United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008).  And the overwhelming evidence of Martono's guilt "makes it more likely that he will flee," particularly in light of the lengthy term of imprisonment that he faces if convicted.  *See United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991).

Martono's history and characteristics further demonstrate that he is a flight risk.  As noted above, Martono is an Indonesian citizen residing as a visa overstay in the United States.  He has accumulated substantial financial resources, including more than $21 million in illegal proceeds since 2018 alone. And he has significant financial and familial ties abroad.  Among other things, Martono has transferred millions of dollars in proceeds into foreign bank accounts in the name of his father, who lives abroad, and has converted millions more into silver bullion stored in Singapore.  Most importantly, Martono has a history of ignoring law enforcement inquiries about sex trafficking and child exploitation on

1   CityXGuide and refusing to comply with subpoenas issued in those investigations.  Instead of

2   responding to those inquiries or closing down his operation, Martono has made every effort to evade

3   detection.  In short, Martono has ample means and motivation to flee.

4          To the extent Martono argues that the COVID-19 pandemic mitigates in favor of pretrial release,

5   the COVID-19 pandemic does not meaningfully shift the balance of the Section 3142(g) factors in his

6   favor.[4]  Nothing about the COVID-19 pandemic changes Martono's incentives to flee.  He remains

7   subject to penalties of up to 25 years in prison if convicted.  He has significant financial and familial ties

8   abroad.  And his history of refusing to respond to law enforcement strongly indicates that, if presented

9   with the opportunity to flee—or, in the alternative, destroy evidence—he will do so.  For that reason

10  alone, Martono should be detained pending trial.

11         **B.      Martono Is a Danger to the Community.**

12         Separate and apart from the above, Martono is a significant danger to the community.

13  CityXGuide is among the most prolific sources of prostitution and sex trafficking on the internet today,

14  and has promoted and facilitated the sex trafficking of numerous minor victims.  But when law

15  enforcement informed him that his websites were being used to facilitate sex trafficking and child

16  exploitation, Martono did nothing.  Instead, he refused to comply with grand jury subpoenas and took

17  further steps to conceal his own identity and obfuscate the location of his servers.

18         Nothing about the COVID-19 pandemic reduces Martono's danger to others.  In fact, Martono

19  was able to continue his criminal enterprise without interruption while the entire state of California was

20  ordered to shelter in place.  And he was more than willing to profit from the sale of commercial sex—

21  which poses extraordinary risks of COVID-19 transmission—during the height of the pandemic.  Thus,

22

23

24  [4]  In a written order, United States Magistrate Judge Susan van Keulen rejected a motion for release premised on
    the emergence of COVID-19, concluding that the existence and spread of COVID-19 did nothing to undermine
25  the court's previous findings regarding risk of flight and danger to the community.  *United States v. Trujillo*, No.
    20-cr-00028-EJD-1 (SVK), Dkt. 15 (N.D. Cal.); *see also*, *e.g.*, *United States v. Sanchez*, No. 19-CR-00576-VC
26  (JSC), Dkt. 23 (N.D. Cal.) (oral order denying bail motion premised on COVID-19 concerns); *United States v.
    Traore*, No. 20-CR-029-VC (JSC), Dkt. 28 (N.D. Cal.) (same); *United States v. Campos*, No. 19-CR-0280-RS
27  (JSC), Dkt. 95 (N.D. Cal.) (same); *but see In the Matter of the Extradition of Alejandro Toledo Manrique*, No. 19-
    mj-71055-MAG-1 (TSH), Dkt. 115 (granting motion for release premised on COVID-19 concern in extradition
28  proceeding, with different standards for release than under the Bail Reform Act, where defendant was more than
    70 years old).

1   even if Martono was personally compliant with shelter in place orders, his offense conduct demonstrates

2   a complete disregard for the welfare of others.

3   **C.   There Are No Conditions or Combination of Conditions That Mitigate Martono's Risk of Flight and Danger to the Community.**

4

5   In the end, there are no conditions or combination of conditions that can reasonably mitigate

6   Martono's flight risk and danger to the community.

7   To the extent Martono argues that a member of his family can serve as a custodian, their ties to

8   Martono refute any such suggestion, and instead are indicative of their demonstrated lack of moral

9   suasion over Martono.  Martono's wife resides at the same residence and had clear access to Martono's

10  home office, located just outside the master bedroom, where Martono managed the CityXGuide

11  platform for years.  She claims to have no knowledge about Martono's business or about their finances,

12  but also has a Rolex watch and designer purses and luggage.  Martono's brother allowed Martono to use

13  his home address for his bank statements and vehicle registrations.  It is also believed that Martono's

14  brother has access to the surveillance cameras at Martono's residence, as he sent Martono a text message

15  stating "Homeland Security Investigations" on the morning of Martono's arrest.

16  Given Martono's financial resources, international ties, and history of evading law enforcement,

17  any opportunity to flee makes it overwhelmingly likely that he will do so.  And given Martono's cyber

18  sophistication, any form of pretrial release poses an overwhelming risk that he will destroy evidence,

19  drain bank accounts, or simply reconstitute his criminal enterprise abroad.

20  //

21  //

22  //

23

24

25

26

27

28

1

## CONCLUSION

2      For the foregoing reasons, the Court should grant the government's motion to detain Martono.

3   DATED: June 19, 2020                          Respectfully submitted,

4                                                 DAVID L. ANDERSON
                                                  United States Attorney
5

6                                                 _____/s/_____
                                                  ANDREW J. BRIGGS
7                                                 Special Assistant United States Attorney

8                                                 ERIN NEALY COX
                                                  UNITED STATES ATTORNEY
9

10                                                _____/s/_____
11                                                Siddharth Mody
                                                  Texas Bar No. 24072791
12                                                Rebekah Ricketts
                                                  Texas Bar No. 24074883
13                                                John de la Garza
                                                  Texas Bar No. 00796455
14                                                Assistant United States Attorneys
                                                  1100 Commerce Street, Third Floor
15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENTS UNDER SEAL ☐ | | TOTAL TIME (mins): 22

| **MAGISTRATE JUDGE** | DEPUTY CLERK | REPORTER/FTR |
| **MINUTE ORDER** | P. Cromwell | Zoom 11:56-12:18 |

| MAGISTRATE JUDGE | DATE | NEW CASE | CASE NUMBER |
| Virginia K. DeMarchi | June 18, 2020 | ☐ | 4:20-mj-70795-MAG |

## APPEARANCES

| DEFENDANT | AGE | CUST | P/NP | ATTORNEY FOR DEFENDANT | PD. ☐ RET. ☐ |
| Wilhan Martono | | Y | P | Sophia Whiting, provisionally appt | APPT. ☐ |

| U.S. ATTORNEY | INTERPRETER | FIN. AFFT ☐ SUBMITTED | COUNSEL APPT'D |
| Andrew Briggs | | | |

| PROBATION OFFICER | PRETRIAL SERVICES OFFICER | DEF ELIGIBLE FOR | PARTIAL PAYMENT ☐ |
| | S. Hamel | APPT'D COUNSEL | OF CJA FEES |

## PROCEEDINGS SCHEDULED TO OCCUR

| ☒ INITIAL APPEAR | ☐ PRELIM HRG | ☐ MOTION | ☐ JUGM'T & SENTG | ☐ STATUS ☐ TRIAL SET |
| ☐ I.D. COUNSEL | ☐ ARRAIGNMENT | ☐ BOND HEARING | ☐ IA REV PROB. or or S/R | ☐ OTHER |
| ☐ DETENTION HRG | ☐ ID / REMOV HRG | ☐ CHANGE PLEA | ☐ PROB. REVOC. | ☐ ATTY APPT HEARING |

## INITIAL APPEARANCE

| ☒ ADVISED OF RIGHTS | ☒ ADVISED OF CHARGES | ☐ NAME AS CHARGED IS TRUE NAME | ☐ TRUE NAME: |

## ARRAIGNMENT

| ☐ ARRAIGNED ON INFORMATION | ☐ ARRAIGNED ON INDICTMENT | ☐ READING WAIVED SUBSTANCE | ☐ WAIVER OF INDICTMENT FILED |

## RELEASE

| ☐ RELEASED ON O/R | ☐ ISSUED APPEARANCE BOND | AMT OF SECURITY $ | SPECIAL NOTES | ☐ PASSPORT SURRENDERED DATE: |

| PROPERTY TO BE POSTED ☐ CASH $ | CORPORATE SECURITY ☐ | REAL PROPERTY: ☐ |

| ☒ MOTION FOR DETENTION | ☐ PRETRIAL SERVICES REPORT | ☐ DETAINED | ☐ RELEASED | ☐ DETENTION HEARING AND FORMAL FINDINGS WAIVED | ☒ REMANDED TO CUSTODY |

ORDER REMOVED TO THE DISTRICT OF

## PLEA

| ☐ CONSENT ENTERED | ☐ NOT GUILTY | ☐ GUILTY | GUILTY TO COUNTS: ☐ |
| ☐ PRESENTENCE REPORT ORDERED | ☐ CHANGE OF PLEA | ☐ PLEA AGREEMENT FILED | OTHER: |

## CONTINUANCE

| TO: June 22, 2020 | ☐ ATTY APPT HEARING | ☐ BOND HEARING | ☐ STATUS RE: CONSENT | ☐ TRIAL SET |
| AT: 10;30 am | ☒ SUBMIT FINAN. AFFIDAVIT | ☐ PRELIMINARY HEARING | ☐ CHANGE OF PLEA | ☐ STATUS |
| BEFORE HON. Beeler | ☒ DETENTION HEARING | ☐ ARRAIGNMENT | ☐ MOTIONS | ☐ JUDGMENT & SENTENCING |
| ☐ TIME WAIVED | ☐ TIME EXCLUDABLE UNDER 18 § USC 3161 | ☐ IDENTITY / REMOVAL HEARING | ☐ PRETRIAL CONFERENCE | ☐ PROB/SUP REV. HEARING |

## ADDITIONAL PROCEEDINGS

All appearances by Zoom.  Defendant consents to appear by Zoom.  Defendant waives Identity hearing.  Counsel to inform
Judge DeMarchi by close of business 6/18/2020 on issue of Transfer to Northern District of Texas, Dallas Division.

DOCUMENT NUMBER:

**FILED**

Jun 19 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-mj-70795-MAG-1  (VKD) |
| Plaintiff, | |
| v. | **ORDER RE STATUS OF TRANSFER TO NORTHERN DISTRICT OF TEXAS** |
| WILHAN MARTONO, | |
| Defendant. | |

Defendant Wilhan Martono appeared before the Court on June 17, 2020 on an out-of-district indictment, pursuant to Rule 5(c)(2).  During that proceeding, the Court concluded that the requirements of Rule 5(c)(3)(D) for transfer of the defendant to the Northern District of Texas were met, and that Mr. Martono is subject to transfer.  The Court is informed that, under the present circumstances, it may take a significant amount of time for the U.S. Marshals Service to transfer Mr. Martono to the Northern District of Texas.  As Mr. Martono opposes the United States' motion for detention, and as a detention hearing is currently set for June 22, 2020, the Court will defer issuing a transfer order until the question of Mr. Martono's custody status is resolved.

**IT IS SO ORDERED.**

Dated: June 19, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

1  STEVEN G. KALAR
   Federal Public Defender
2  Northern District of California
   SOPHIA WHITING
3  Assistant Federal Public Defender
   450 Golden Gate Avenue, Box 36106
4  San Francisco, CA 94102
   Telephone:   (415) 436-7700
5  Facsimile:   (415) 436-7706
   Email:        sophia_whiting@fd.org
6  Counsel for Defendant MARTONO

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  UNITED STATES OF AMERICA,          **Case No.:** MJ 20–70795 MAG

13            Plaintiff,                NOTICE OF ATTORNEY APPEARANCE

14       v.

15  WILHAN MARTONO,

16            Defendant.

17

18       PLEASE TAKE NOTICE that the Clerk is hereby asked to enter the provisional appearance of

19  Sophia Whiting, Assistant Federal Public Defender, on behalf of the defendant.  The Clerk is requested

20  to include AFPD Sophia Whiting on all e-filing notices for the above-captioned matter.  Counsel's

21  mailing address, telephone number, facsimile number and email address is listed above.

22

23       Dated:    June 22, 2020              Respectfully submitted,

24                                            STEVEN G. KALAR
                                             Federal Public Defender
25                                            Northern District of California

26                                                   /S
                                             _____
27                                            SOPHIA WHITING
                                             Assistant Federal Public Defender

28

NOTICE OF ATTY. APPEARANCE
*MARTONO*, MJ 20–70795 MAG

                              1

STEVEN G. KALAR
Federal Public Defender
Northern District of California
SOPHIA WHITING
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:       Sophia_Whiting@fd.org

Counsel for Defendant Martono

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILHAN MARTONO,<br><br>Defendant. | **Case No.:** MJ 20–70795 MAG<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION** |

## INTRODUCTION

Defendant Wilhan Martono had his initial appearance on June 18, 2020. The government moved for detention and the detention hearing was set for June 22. Mr. Martono has prepared the following conditions of release that will assure his appearance in the Northern District of Texas, where he has been charged: his sister Wilmin Martolo will sign as a surety and post the house in which Mr. Martono's family has lived for 10 years; his wife Chenny Atmadja will serve as his custodian and drive him to Texas for court; he will surrender his passport and will stay-away from airports; and he will agree to any other conditions the Court deems necessary. The government has not explained how they plan to transfer Mr. Martono to Texas safely during the COVID-19

pandemic. Mr. Martono is high-risk for severe COVID-19 infection per Centers for Disease Control and Prevention (CDC) guidelines because he has diabetes;[1] he also suffers from gout, hypertension, high cholesterol, and experiences anxiety attacks. His release is therefore particularly necessary for his health and safety.

## DISCUSSION

**I.    Mr. Martono is not a flight risk because he has extensive ties and was easily located.**

Mr. Martono has deep-rooted and extensive ties to the Bay Area, where he has lived for most of his life, nearly 25 years. He has lived in the United States for nearly 30 years, after he came here to study electrical engineering at Purdue University in 1992. His wife, two minor U.S. citizen children, and permanent resident siblings all live here as well. While he may have overstayed his work visa, he has more personal ties to the Bay Area than any other community in the world. This is where his two young boys were born, go to school, and get medical care for their health conditions. Of course, Mr. Martono will surrender his passport, if it has not already been seized, to ensure that he would not attempt to leave the country he considers home. But even more importantly, Mr. Martono will not flee the country or community because this is his family's home. He has never left his family's side.

According to the government's proffer, they successfully contacted Mr. Martono the very first time they attempted to do so in person. He was arrested at his residence in Fremont, California, where he has lived for approximately 10 years. The property is owned by his sister, Wilmin Martono, and Mr. Martono pays all the utilities for the residence in his name. *E.g.*, Exhibit A, Martono PG&E Statement. The government puts significant emphasis on the allegation that Mr. Martono did not "respond" to law enforcement prior to his arrest, yet apart from emails sent by individual agents to website support email addresses, the government does not even explain how they attempted to contact or serve Mr. Martono. The government presents no evidence that any government official ever tried to contact Mr. Martono at his home, either by postal mail, phone, or in person, before his arrest. The government does not show that Mr. Martono had actual notice of any investigation or subpoena. It appears the first time the government attempted to make personal contact with Mr.

---

[1] Centers for Disease Control, *Coronavirus Disease 2019: People Who Are At Higher Risk,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

Martono, they found him at the same home where he has lived with his family for many years.

## II. The offense conduct and weight of the evidence do not require detention.

As for the allegations against Mr. Martono, as the Court knows and the government acknowledges, the weight of the evidence against Mr. Martono is the least important factor because the Court cannot make pretrial determination of guilt. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Even assuming the government's theory is true, however, while the allegations are certainly serious, there is no allegation that Mr. Martono was personally involved in any illicit conduct apart from running websites. He is not alleged to have had any direct personal involvement in prostitution or "pimping," and certainly not sex trafficking. Rather, they allege that he ran websites which had advertisements for prostitution businesses, and recklessly disregarded what was going on within some of those businesses. The "menu" of "Intimate Activities" detailed by the government further indicate that neither sex trafficking nor minors was a known or intended advertising target for the website. Dkt. 2 at 3. The indictment and motion do not clarify how the government came to the amount of $21 million, since they have only accounted for $113,000.60 in gift card transactions in the indictment. At 47 years old, this is the first time Mr. Martono is charged with criminal conduct.

## III. Proposed conditions of release will reasonably assure Mr. Martono's appearance.

To assure the Court that Mr. Martono will appear and abide by the conditions of his release, his sister, Wilmin Martono, will post a property bond on a house worth an estimated $1.45 million.[2] This is the house which Mr. Martono's family considers home. Furthermore, Mr. Martono's wife, Chenny Atmadja, will be a custodian and drive Mr. Martono to court in Texas. Ms. Atmadja is the natural and most effective custodian for Mr. Martono since she is his wife and will be best able to monitor his movements when ordered to do so by the Court. The government has argued that Mr. Martono's family could serve as adequate custodians since they did not stop the alleged conduct. *See* Dkt. 2 at 10. Firstly, the conduct is still just that—alleged. Secondly, Mr. Martono is an electrical engineer who the government alleges was running a website. That is what he is educated and trained to do; there is no reason his family should be suspicious of him doing just that or that they should have

---

[2] Pretrial Services has likely confirmed Ms. Martono's equity in the home, and undersigned counsel will do so before the hearing.

OPP. TO MOTION FOR DETENTION
*MARTONO*, CR 20–70795 MAG

1   known to try to stop him. The government acknowledges in their motion that Mr. Martono reports

2   running a legitimate online business in addition to the alleged illegitimate websites. Dkt. 2 at 6, note

3   3. Further, the government provides no evidence that his wife or sister knew of the alleged funds

4   involved. Of the 12 bank accounts in the forfeiture allegation, Ms. Atmadja only even had access to

5   one. Ms. Atmadja is a homemaker and caretaker for two ███████ young boys. This has been her all-

6   consuming full-time job for many years. Her job was not to closely monitor her husband's

7   engineering work. The fact that the government relies on Ms. Atmadja owning some nice bags and

8   one watch to prove her knowledge shows how far they are reaching to disqualify a perfectly suitable

9   custodian. *See* Dkt. 2 at 10. Now that Ms. Atmadja knows the allegations and consequences of non-

10  compliance, she has reason to monitor Mr. Martono's conduct and use "moral suasion" over him.

### IV.   Pandemic conditions of confinement and transfer are untenable for Mr. Martono's health.

11

12          Even under normal circumstances, the proposed conditions are suitable to release Mr. Martono.

13  During the COVID-19 pandemic, though, the balance shifts even more heavily in favor of release.

14  Mr. Martono suffers from type 2 diabetes, gout, hypertension, high cholesterol, obesity, and anxiety.

15  He receives treatment, including at least 10 different medications, from Kaiser Hospital. He has not

16  received these same medications at Santa Rita Jail. The government has not been able to provide any

17  information about how Mr. Martono would be transferred to Texas, the conditions of transportation,

18  how long it would take, or how his medical needs will be provided for during the transfer. Whether a

19  defendant can obtain adequate medical care in custody is a factor to be considered. *United States v.*

20  *Bencomo-Chacon*, 2007 WL 2021850 (D. Colo. 2007); *United States v. Ramirez-Robles*, 2007 WL

21  2021852 (D. Colo. 2007). As the Court is well aware, conditions of pretrial confinement already

22  create the ideal environment for the transmission of COVID-19, and Mr. Martono will not belabor

23  that point here. Adding travel and exposure to (an unknown number of) new jail populations

24  exacerbate an already dire health situation.

25          To ensure Mr. Martono's health and safety, the Court may alternatively grant his release under

26  Title 18 U.S.C. § 3142(i)(4), which "permit[s] the temporary release of the person, in the custody of a

27  United States marshal or another appropriate person, to the extent that the judicial officer determines

28

1  such release to be necessary for preparation of the person's defense or for another compelling

2  reason." *See, e.g.*, *United States v. Jorge Alberto Viera-Chirinos*, No. 19-CR-00367-CRB-3 (JSC)

3  Dkt. 256-257 (N.D. Cal. May 6, 2020); *United States v. Victor Viera-Chirinos*, No. 19-CR-00367-

4  CRB-2 (TSH) Dkt. 247 (N.D. Cal. April 28, 2020); *United States v. Daniels*, No. 19-CR-00709-LHK

5  (NC), 2020 WL 1815342 (N.D. Cal. Apr. 9, 2020). His high risk of severe COVID-19 infection

6  constitutes "another compelling reason," as recognized by the cited cases. He can be released into

7  Ms. Atmadja's custody.

8  **CONCLUSION**

9      For the foregoing reasons, Mr. Martono respectfully requests the Court order his release on

10  conditions, including a significant property bond and a custodian. Ms. Atmadja will drive Mr.

11  Martono to his court appearance in Texas, since he is surrendering his passport and is happy to agree

12  to stay away from airports altogether. Mr. Martono and his family are already being put in touch with

13  potential counsel in Texas. Mr. Martono is willing to be placed on GPS location monitoring or any

14  other condition the Court deems necessary to assure his compliance.

15

16  Dated:    June 22, 2020                    Respectfully submitted,

17                                          STEVEN G. KALAR
18  Federal Public Defender
    Northern District of California

19                                            /S

20                                         SOPHIA WHITING
    Assistant Federal Public Defender

21

22

23

24

25

26

27

28

# Exhibit A

# ENERGY STATEMENT
www.pge.com/MyEnergy

**Account No:** ▮▮▮▮▮▮▮▮▮
**Statement Date:** 06/16/2020
**Due Date:** 07/07/2020

## Service For:

WILHAN MARTONO
WILMIN MARTONO

▮▮▮▮▮▮▮▮▮▮

### Questions about your bill?

Monday-Friday 7 a.m.-9 p.m.
Saturday 8 a.m.-6 p.m.
Phone: 1-800-743-5000
www.pge.com/MyEnergy

### Ways To Pay

www.pge.com/waystopay

## Your Account Summary

| | |
|---|---:|
| Amount Due on Previous Statement | $271.20 |
| Payment(s) Received Since Last Statement | -271.20 |
| Previous Unpaid Balance | $0.00 |
| Current PG&E Electric Delivery Charges | $234.48 |
| Electric Adjustments | -17.86 |
| East Bay Community Energy Electric Generation Charges | 93.96 |
| Current Gas Charges | 34.14 |

| Automatic Payment Service (APS) to be applied 06/30/2020 | $344.72 |
|---|---:|

 Current charges include a discount of $17.86 for CA Climate Credit.



### Monthly Billing History

Daily Usage Comparison

■ Electric   ■ Gas

*Visit www.pge.com/MyEnergy for a detailed bill comparison*

| | 1 Year Ago | Last Period | Current Period |
|---|---|---|---|
| Electric kWh / Day | 26.03 | 29.00 | 35.78 |
| Gas Therms / Day | 0.71 | 1.13 | 0.69 |

## Important Messages

California is fighting climate change and so can you! Your bill includes a Climate Credit from a state program to cut carbon pollution while also reducing your energy costs. Find out how at **EnergyUpgradeCA.org/credit**.

**Summer electric baseline season:** The summer electric baseline season began on June 1. The total electric baseline quantities shown in your energy statement were calculated using daily summer baseline quantities. Any billing days in the billing period prior to June 1 were calculated with winter baseline quantities.

*Continued on page 6*

No payment is due. Please retain for your records. Thank you.

▮▮▮▮▮▮▮▮▮▮▮▮

| Account Number: | Due Date: | APS Amount: | APS to be applied: |
|---|---|---|---|
| ▮▮▮▮▮▮▮ | **07/07/2020** | **$344.72** | **06/30/2020** |

WILHAN MARTONO
WILMIN MARTONO

▮▮▮▮▮▮▮▮

PG&E
BOX 997300
SACRAMENTO, CA 95899-7300

1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                       San Francisco Division

11   UNITED STATES OF AMERICA              Case No. 3:20-mj-70795-LB-1

12            Plaintiff,                   DETENTION ORDER

13        v.

14   WILHAN MARTONO,

15            Defendant.

16

17       For the reasons stated on the record in open court on June 22, 2020, and considering the

18   parties' proffers, the criminal complaint, Pretrial Services' report, and the factors set forth in 18

19   U.S.C. § 3142(g), the court orders the defendant detained. Based on the current record, the court

20   determined that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably

21   assure the safety of the community or the appearance of the defendant at future court appearances.

22   *See* 18 U.S.C. §§ 3142(e) and (f).

23       The court orders the defendant detained without prejudice to his revisiting the issue of bail at a

24   later hearing. The defendant is committed to the custody of the Attorney General or a designated

25   representative for confinement in a corrections facility separate, to the extent practicable, from

26   persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. §

27   3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with

28   counsel. *See id.* § 3142(i)(3). On order of a court of the United States or on request of an attorney

United States District Court
Northern District of California

DETENTION ORDER – No. 3:20-mj-70795 MAG

1    for the government, the person in charge of the corrections facility must deliver the defendant to

2    the United States Marshal for a court appearance. *See id*. § 3142(i)(4).

3       **IT IS SO ORDERED.**

4     Dated: June 22, 2020

5

6                                  LAUREL BEELER
                                United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

DETENTION ORDER – No. 3:20-mj-70795 MAG    2

DOCUMENTS UNDER SEAL ☐ | TOTAL TIME (mins): 20 minutes (1:25-1:45)

| MAGISTRATE JUDGE MINUTE ORDER | DEPUTY CLERK Elaine Kabiling | REPORTER/FTR Debra Pas |
|---|---|---|

| MAGISTRATE JUDGE Laurel Beeler | DATE 06/22/2020 (Zoom Video Hearing) | NEW CASE ☐ | CASE NUMBER 4:20-mj-70795-MAG-1 |
|---|---|---|---|

### APPEARANCES

| DEFENDANT Wilhan Martono | AGE | CUST Y | P/NP P | ATTORNEY FOR DEFENDANT Sophia Whiting | PD. ☒ RET. ☐ APPT. ☐ |
|---|---|---|---|---|---|

| U.S. ATTORNEY Andrew Briggs | INTERPRETER Not Required | FIN. AFFT SUBMITTED ☐ | COUNSEL APPT'D ☐ |
|---|---|---|---|

| PROBATION OFFICER | PRETRIAL SERVICES OFFICER Ana Mendoza | DEF ELIGIBLE FOR APPT'D COUNSEL ☐ | PARTIAL PAYMENT OF CJA FEES ☐ |
|---|---|---|---|

### PROCEEDINGS SCHEDULED TO OCCUR

| ☐ INITIAL APPEAR | ☐ PRELIM HRG | ☒ MOTION 10 minutes | ☐ JUGM'T & SENTG | ☐ STATUS ☐ TRIAL SET |
|---|---|---|---|---|
| ☐ I.D. COUNSEL | ☐ ARRAIGNMENT | ☐ BOND HEARING | ☐ IA REV PROB. or or S/R | ☐ OTHER |
| ☒ DETENTION HRG 10 minutes | ☐ ID / REMOV HRG | ☐ CHANGE PLEA | ☐ PROB. REVOC. | ☐ ATTY APPT HEARING |

### INITIAL APPEARANCE

| ☐ ADVISED OF RIGHTS | ☐ ADVISED OF CHARGES | ☐ NAME AS CHARGED IS TRUE NAME | ☐ TRUE NAME: |
|---|---|---|---|

### ARRAIGNMENT

| ☐ ARRAIGNED ON INFORMATION | ☐ ARRAIGNED ON INDICTMENT | ☐ READING WAIVED SUBSTANCE | ☐ WAIVER OF INDICTMENT FILED |
|---|---|---|---|

### RELEASE

| ☐ RELEASED ON O/R | ☐ ISSUED APPEARANCE BOND | AMT OF SECURITY $ | SPECIAL NOTES | ☐ PASSPORT SURRENDERED DATE: |
|---|---|---|---|---|

| PROPERTY TO BE POSTED ☐ CASH $ | CORPORATE SECURITY ☐ | REAL PROPERTY: ☐ |
|---|---|---|

| ☒ MOTION FOR DETENTION | ☐ PRETRIAL SERVICES REPORT | ☒ DETAINED | ☐ RELEASED | ☐ DETENTION HEARING AND FORMAL FINDINGS WAIVED | ☒ REMANDED TO CUSTODY |
|---|---|---|---|---|---|

ORDER REMOVED TO THE DISTRICT OF

### PLEA

| ☐ CONSENT ENTERED | ☐ NOT GUILTY | ☐ GUILTY | GUILTY TO COUNTS: ☐ |
|---|---|---|---|
| ☐ PRESENTENCE REPORT ORDERED | ☐ CHANGE OF PLEA | ☐ PLEA AGREEMENT FILED | OTHER: |

### CONTINUANCE

| TO: 06/25/2020 | ☐ ATTY APPT HEARING | ☐ BOND HEARING | ☐ STATUS RE: CONSENT | ☐ TRIAL SET |
|---|---|---|---|---|
| AT: 10:30 AM | ☐ SUBMIT FINAN. AFFIDAVIT | ☐ PRELIMINARY HEARING | ☐ CHANGE OF PLEA | ☐ STATUS |
| BEFORE HON. DeMarchi | ☐ DETENTION HEARING | ☐ ARRAIGNMENT | ☐ MOTIONS | ☐ JUDGMENT & SENTENCING |
| ☐ TIME WAIVED | ☐ TIME EXCLUDABLE UNDER 18 § USC 3161 | ☒ IDENTITY / REMOVAL HEARING | ☐ PRETRIAL CONFERENCE | ☐ PROB/SUP REV. HEARING |

### ADDITIONAL PROCEEDINGS

Deft waives personal appearance; consents to video appearance. Proffer heard re: detention. Deft motion for release is denied without prejudice. Order for Detention signed and filed this date.

CC: VKD                                                          DOCUMENT NUMBER:

AO 94 (Rev. 01/09) Commitment to Another District

FILED

Jun 23 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) | |
| v. | ) | |
| Wilhan Martono | ) | Case No.   4:20-mj-70795-MAG |
| | ) | |
| | ) | Charging District's |
| *Defendant* | ) | Case No.   3-20CR0274-N |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the  Northern  District of  Texas; Dallas Division .

The defendant may need an interpreter for this language:  .

The defendant:  ☐ will retain an attorney.

☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date:   06/23/2020

*Virginia K. DeMarchi*
*Judge's signature*

Virginia K. DeMarchi, Magistrate Judge
*Printed name and title*