IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:20-CR-00274-N |
| v. | |
| WILHAN MARTONO | |

### UNOPPOSED MOTION FOR A PROTECTIVE ORDER GOVERNING DISCLOSURE OF DISCOVERY MATERIALS

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the United States of America (the "government") hereby files this unopposed motion for a protective order governing discovery materials in this case. In support thereof, the government states as follows:

1. Defendant Wilhan Martono has been charged in a 28-count indictment with Promotion and Facilitation of Prostitution and Reckless Disregard of Sex Trafficking in violation of 18 U.S.C. § 2421A; Conspiracy to Engage in Interstate and Foreign Travel and Transportation In Aid of Racketeering Enterprises in violation of 18 U.S.C. § 371; Interstate and Foreign Travel and Transportation in Aid of Racketeering Enterprises—Facilitating Prostitution in violation of 18 U.S.C. § 1952(a)(3)(A); and Laundering of Monetary Instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i). The indictment alleges that Martono created, owned, and operated a network of websites, including cityxguide.com ("CityXGuide"), that promoted and facilitated prostitution and sex trafficking across the United States.

2. The government has prepared a large volume of discovery in this case to facilitate production to the defendant. The government also anticipates producing an even larger volume of discovery to the defendant after the forensic processing of the servers that were seized pursuant to a federal warrant at the time of the defendant's arrest.

3. The discovery in this case includes a large volume of digital evidence that may contain personal identifying information of victims, including names, addresses, and photographs of driver's licenses. The discovery in this case also includes a large volume of sexually explicit photographs, including photographs of minor sex trafficking victims.

4. To ensure compliance with the government's discovery obligations, expedite the exchange of discovery material between the parties, and facilitate the timely resolution of this case, the government seeks to disclose discovery to the defendant pursuant to the attached protective order (the "Protective Order').

5. Pursuant to Federal Rule of Criminal Procedure 16(d)(1), this Court has authority to enter a protective order governing the discovery process upon a showing of good cause. *See also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

6. Here, there is good cause for this Court to issue the Protective Order because doing so will expedite disclosure of discovery to the defendant by eliminating the need for the government to perform a document-by-document evaluation and

redaction of the discovery materials to protect personal identifying information and other sensitive information.

7. Notwithstanding the entry of the Protective Order, the government intends to make certain discovery materials available for the defendant's inspection on a Do Not Release ("DNR") basis, including materials that may contain photographs of minor sex trafficking victims.

8. The government has conferred with counsel for the defendant, who confirmed that the defendant does not object to the entry of the Protective Order, and that both defendant and his counsel agree to abide by its terms.

9. Accordingly, the government respectfully moves this Court to enter the attached Protective Order to facilitate the timely production of discovery in this case.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

/s/ *Rebekah Ricketts*
REBEKAH RICKETTS
Texas Bar No. 24074883
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8744
Facsimile: 214-659-8800
Email: rebekah.ricketts@usdoj.gov

## CERTIFICATE OF CONFERENCE

I hereby certify that, on July 28, 2020, I conferred with Peter Barrett, counsel for the defendant, who indicated that the defendant is not opposed to the relief sought in this motion.

>/s/ *Rebekah Ricketts*
>REBEKAH RICKETTS
>Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2020, a true and correct copy of this motion was served on all counsel electronically through ECF.

>/s/ *Rebekah Ricketts*
>REBEKAH RICKETTS
>Assistant United States Attorney