IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Crim. Action No. 3:20-CR-00274-N-1 |
| | § | |
| WILHAN MARTONO | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Wilhan Martono's motion to dismiss [23].  Because the Court determines that Martono has not shown that the Allow States and Victims to Fight Online Sex Trafficking Act of 2017 ("FOSTA") is unconstitutionally overbroad or vague and because Martono's indictment was sufficient and, the Court denies the motion.

### I.  ORIGINS OF THE MOTION

According to the indictment, Martono owned and operated a network of websites, including cityxguide.com, which the Government alleges promoted and facilitated prostitution and sex trafficking across the United States.  The Government asserts that law enforcement repeatedly contacted Martono to inform him that cityxguide.com was facilitating prostitution and child trafficking, but Martono never responded to the inquiries.  A grand jury returned an indictment charging Martono with (1) promotion and facilitation of prostitution and reckless disregard of sex trafficking in violation of 18 U.S.C. § 2421A; (2) conspiracy to engage in interstate and foreign travel and transportation in aid of racketeering enterprises in violation of 18 U.S.C. § 371; (3) interstate and foreign travel and transportation in aid of racketeering enterprises — facilitating prostitution in violation

of 18 U.S.C. § 1952(a)(3)(A); and (4) laundering of monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  Martono now asks the Court to dismiss the charges against him because (1) FOSTA is unconstitutionally overbroad and vague and (2) even if FOSTA is not unconstitutional, the indictment was defective.

## II.  FOSTA IS NOT CONSTITUTIONALLY OVERBROAD

Martono contends that FOSTA is unconstitutionally overbroad.  Generally, "a person to whom a statute may constitutionally be applied will not be heard to challenge that the statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973).  However, the overbreadth doctrine allows a party to challenge the constitutionally of a statute on its face when the statute threatens constitutionally protected expression.  *Id.* at 611.  However, application of the overbreadth doctrine is "strong medicine" that the Court has used "sparingly and only as a last resort." *Id.*

In order to declare that a law is overbroad, the Court has "insisted that a law's application to protected speech be 'substantial' not only in an absolute sense, but also relative to the scope of the law's plainly legitimate application." *Virginia v. Hicks*, 539 U.S. 113, 119–20 (2003) (citing *Broadrick*, 413 U.S. at 613).  Although the enforcement of an overbroad law may deter constitutionally protected speech, the Supreme Court has recognized the competing social cost of invalidating a law "that in some of its applications is perfectly constitutional – particularly a law directed at conduct so antisocial that it has been made criminal."  *United States v. Williams*, 553 U.S. 285, 292 (2008).  Thus, overbreadth doctrine presents a high bar for parties to reach.

MEMORANDUM OPINION AND ORDER – PAGE 2

"The first step in overbreadth analysis is to construe the challenged statute." *Id.* at 293. FOSTA makes it a crime to "own[], manage[], or operate[] an interactive computer service . . . with the intent to promote or facilitate the prostitution of another person." 18 U.S.C. § 2421A. Martono asserts that "promote or facilitate" is disjunctive, and that both "promote" and "facilitate" are undefined terms which are susceptible to a swath of wide-ranging meanings. As a result, Martono argues, the statute covers a large variety of protected speech. First, the Court agrees that "promote or facilitate" is disjunctive. The ordinary use of the word "or" is disjunctive. *See United States v. Woods*, 571 U.S. 31, 45 (2013) ("[I]ts ordinary use is almost always disjunctive").

However, this statute may be analyzed similarly to the statute at issue in *Williams*. 553 U.S. 285. In that case, the Supreme Court examined a string of words in a statute that sought to penalize speech that accompanied or sought to induce the transfer of child pornography. Putting aside the verbs that obviously prohibited conduct, the Court analyzed the words "promotes" and "presents" in the greater context of the statute. *Williams*, 553 U.S. at 294. Although the Court acknowledged that "promotes" and "presents" were susceptible to a wide range of meanings, the Court noted that "a word is given more precise content by the neighboring words with which it is associated." *Id.* In that instance, "promotes" and "presents" were most sensibly read to relate to transactions because the other words in the list related to transactions.

In this case, "promotes" and "facilitates" are not two terms of many in a list. However, these two terms do not stand alone and without context. FOSTA specifically criminalizes owning, managing, or operating a computer service with the intent to promote

MEMORANDUM OPINION AND ORDER – PAGE 3

the prostitution of another person or the intent to facilitate the prostitution of another person.

Most importantly, FOSTA connects both promotion and facilitation to the prostitution *of another person*. FOSTA does not obviously criminalize speech promoting prostitution generally. Instead, it prohibits an individual from committing certain acts with the *intent* to promote the prostitution of another person or the *intent* to facilitate the prostitution of another person. In this context the word "facilitates" is most clearly read as referring to conduct that aids or assists in the prostitution of another person. Thus, the use of the word "facilitates" in FOSTA does not appear substantially to restrict protected speech relative to the scope of the law's plainly legitimate application.

As with "facilitates," "promotes" may be examined within the greater context of the statute. Martono argues that "[p]romotes no doubt involves speech, and not just the unprotected kind." Reply to Gov't's Resp. 5 [27]. While this may be true when the word is in complete isolation, "promotes" within the context of FOSTA takes on a more nuanced meaning. FOSTA explicitly prohibits individuals from performing certain acts with the intent to promote *prostitution of another person.* It does not prohibit promoting prostitution more generally. In this context, "promotes" can most reasonably be interpreted as "to pander" or "pimp" as the Government suggests. *See Woodhull Freedom Foundation*, 948 F.3d 363, 375 (D.C. Cir. 2020) (Katsas, J., concurring in part and concurring in the judgment) ("Moreover, in the criminal law, to 'promote' prostitution means to pander or pimp . . . ."). Thus, the Court determines here that the use of the word "promotes" in FOSTA does not appear substantially to restrict protected speech.

MEMORANDUM OPINION AND ORDER – PAGE 4

Because FOSTA on its face does not appear substantially to restrict protected speech, the Court holds that it is not unconstitutionally overbroad.

### III. FOSTA IS NOT UNCONSTITUTIONALLY VAGUE

Next, Martono argues that FOSTA is unconstitutionally vague. "Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." *United States v. Nat'l Dairy Prod. Corp.*, 372 U.S. 29, 32–33 (1963); *see also Kolender v. Lawson*, 461 U.S. 352, 357 (1983) ("As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."). In a vagueness challenge, if a law does not implicate any constitutionally protected conduct, the Court "should uphold the challenge only if the enactment is impermissibly vague in all of its applications." *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982).

Martono's void for vagueness challenge rests on the ambiguity of "promotes or facilitates" as well as the terms "prostitution" and "jurisdiction." As noted above, the words "promotes" and "facilitates" have reasonably understood meanings within the context of FOSTA. As such, the statute is not vague with regard to the use of "promotes or facilitates."

Next, Martono objects that "prostitution" is vague, as different jurisdictions have varying definitions for "prostitution" and FOSTA itself does not specifically define the term. However, the standard for a void-for-vagueness challenge is not whether a term may

MEMORANDUM OPINION AND ORDER – PAGE 5

be perfectly understood in every situation, but whether the statute gives fair notice to an ordinary person of what conduct is prohibited. *Kolender*, 461 U.S. at 357. The ordinary person would likely understand the phrase "prostitution of another person" in FOSTA, 18 U.S.C. § 2421A(a), to refer to the "widely criminalized act involving the exchange of sex for money." *Woodhull*, 948 F.3d at 375 (Katsas, J., concurring in part and concurring in the judgment). Thus, the Court here determines that the statute is not unconstitutionally vague with regard to the term "prostitution."

Finally, Martono alleges that the term "jurisdiction" is impermissibly vague as well. He cites *N. Cal. River Watch v. Wilcox* to argue that jurisdiction "'is a word of many, too many, meanings.'" 633 F.3d 766, 774 (9th Cir. 2011) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998)). That case in inapposite. In that case, the Ninth Circuit examined the word "jurisdiction" in the context of a *Chevron* analysis of the phrase "areas under Federal jurisdiction." *Id.* While the word "jurisdiction" alone could be ambiguous in isolation, the Ninth Circuit's primary concern was whether particular lands could be considered to be under *federal* jurisdiction for the purposes of the Endangered Species Act. In that instance, the entire phrase "areas under federal jurisdiction" was the ambiguous term. Moreover, the Ninth Circuit had no issue determining that the Endangered Species Act itself was under the Fish and Wildlife Service's jurisdiction. *Id.* at 777. Thus, the word "jurisdiction" itself did not render the phrase ambiguous. Rather, the phrase as a whole was ambiguous, because the greater context of the statute was unclear.

Here, the term "jurisdiction" is not ambiguous in its context. FOSTA provides an affirmative defense if prostitution is legal "in the jurisdiction where the promotion or facilitation was targeted."[1] 18 U.S.C. § 2421A(e). Within the context of FOSTA, "jurisdiction" clearly refers to the "geographic area within which political or judicial authority may be exercised." *Jurisdiction*, Black's Law Dictionary (11th ed. 2019). Martono suggests that the implied meaning is also ambiguous because the indictment appears to suggest that cities, townships, and villages can have laws against prostitution separate from that of states. Even if the Court agreed that the way the Government phrased the indictment here bore any impact on the meaning of the statute, the statute still gives fair notice to individuals of the sort of conduct that is prohibited. The statute need not specifically state that "jurisdiction" refers to states or territories of the United States. An ordinary person would understand that the affirmative defense prevents prosecution in any area where the political authority has legalized prostitution.

Because not any of the terms Martono disputes are vague within the greater context of FOSTA, the Court holds that FOSTA is not unconstitutionally vague.

### IV. THE INDICTMENT IS SUFFICIENT

Finally, Martono moves to dismiss the indictment as insufficient. Prior to trial, a party may file a motion to dismiss the indictment that raises "any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P.

---

[1] Martono also claims that the term "targeted" is undefined and indefinite, but only cites two cases from other districts that do not address criminal statutes to support his point. The Court declines here to hold that the word "target" is inherently indefinite.

MEMORANDUM OPINION AND ORDER – PAGE 7

12(b)(1). When reviewing a motion to dismiss challenging the sufficiency of an indictment, the court is "required 'to take the allegations of the indictment as true and to determine whether an offense has been stated.'" *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)). An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). Generally, "an indictment is sufficient if it 'contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend.'" *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013) (quoting *United States v. Fuller*, 974 F.2d 1474, 1480 (5th Cir. 1992)).

Here, Martono asserts that the indictment does not state all the essential elements of the charges, and thus those charges should be dismissed. Martono is incorrect.

### A. Count One and Counts Twelve Through Twenty-Eight

Count one of the indictment tracks the statutory language of FOSTA. Martono contends that the indictment must also identify specific persons who were the object of the prostitution. However, Martono does not cite any authority, and the Court cannot find any authority, to support the proposition that the indictment must include such specificity. Rather, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citing *Hagner v. United States*, 285 U.S. 487 (1932) and *United States v. Reidel*, 402 U.S. 351, 354 (1971)). The

Court declines to find that the specific identity of persons is an essential element of the offense. Because count one of the indictment tracks the language of FOSTA, the Court determines that the indictment is sufficient as to count one.

Martono argues that counts twelve through twenty-eight are insufficient based on the charge in count one. Because the charge in count one is sufficient, counts twelve through twenty-eight are likewise sufficient.

### B.  Counts Two Through Eleven

Counts two through eleven of the indictment charge Martono with violations of the Travel Act. "Because the Travel Act fully and unambiguously sets out the essential elements of the offense, indictments drafted substantially in its language are sufficient." *United States v. Stanley*, 765 F.2d 1224, 1239–40 (5th Cir. 1985). In this case, counts two through eleven against Martono track the language of the statute. Martono alleges that these counts fail to allege the essential elements of a business enterprise or overt act. Specifically, Martono alleges that a "business enterprise" must be ongoing for the purposes of the Travel Act. However, the indictment alleges that Martono was engaged in an unlawful activity, and the Fifth Circuit has determined that "unlawful activity" is a term of art defined by the Travel Act. *United States v. Hagmann*, 950 F.2d 175, 184 n.20 (5th Cir. 1991). The term "unlawful activity" encompasses any business enterprises involving prostitution. 18 U.S.C. § 1952(b). Thus, by alleging an unlawful activity, the indictment alleged the business enterprise element of the offense. *Hagmann*, 950 F.2d at 184 n.20.

Martono also claims that the indictment fails to allege that he performed an overt act. However, an indictment "need not set forth the specific act or conduct in question."

MEMORANDUM OPINION AND ORDER – PAGE 9

*Id.* at 183.  Rather, the indictment must generally allege that an overt act took place.  *Id.*  Because the indictment clearly alleges that Martono performed an act that "did promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of the unlawful activity," the indictment sufficiently alleges that Martono performed an overt act.  Indictment 13 [1].

Because counts two through eleven set forth all the essential elements of the Travel Act violations, the Court determines that the indictment is sufficient.

### CONCLUSION

The Court holds here that FOSTA is neither unconstitutionally vague nor overbroad.  Further, the Court determines that the indictment against Martono was sufficient.  Because FOSTA is not unconstitutionally vague or overbroad and the indictment against Martono is sufficient, the Court denies Martono's motion to dismiss.

Signed January 5, 2021.

                                            David C. Godbey
                                            United States District Judge