IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:20-CR-00274-N |
| v. | |
| WILHAN MARTONO | |

## FACTUAL RESUME

In support of Wilhan Martono's plea of guilty to Counts One and Two of the indictment, Wilhan Martono, the defendant, Peter Michael Barrett, the defendant's attorney, and the United States of America (the "government") stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

### Count One
Promotion or Facilitation of Prostitution and Reckless Disregard of Sex Trafficking
(Violation of 18 U.S.C. § 2421A)

To prove the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. § 2421A, Promotion or Facilitation of Prostitution and Reckless Disregard of Sex Trafficking, the government must prove each of the following elements beyond a reasonable doubt:

*First*: That the defendant owned, managed, or operated an interactive computer service as defined in 47 U.S.C. § 230;

*Second*: That the defendant did so with the intent to promote or facilitate the prostitution of another person;

*Third*: That the defendant used a facility of interstate or foreign commerce or in and affecting interstate commerce; and

*Fourth*: That the defendant did promote or facilitate the prostitution of five or more persons or acted in reckless disregard of the fact that such conduct contributed to sex trafficking in violation of 18 U.S.C. § 1591(a).

## Count Two
Conspiracy To Engage in Interstate and Foreign Travel and Transportation In Aid of Racketeering Enterprises—Facilitating Prostitution
(Violation of 18 U.S.C. § 371 (18 U.S.C. § 1952(a)(3)(A))

To prove the offense alleged in Count Two of the indictment, charging a violation of 18 U.S.C. § 371 (18 U.S.C. § 1952(a)(3)(A)), Conspiracy To Engage in Interstate and Foreign Travel and Transportation In Aid of Racketeering Enterprises—Facilitating Prostitution, the government must prove each of the following elements beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit the crime of Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises, as charged in the indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.[1]

To prove the substantive offense of Interstate and Foreign Travel and Transportation In Aid of Racketeering Enterprises—Facilitating Prostitution in violation of 18 U.S.C. § 1952(a)(3)(A), the government must prove each of the following elements beyond a reasonable doubt:

---

[1] Based on Fifth Circuit Pattern Jury Instructions (Crim.) 2.15A (2019).

*First*: That the defendant he used the mail or any facility in interstate commerce or foreign commerce;

*Second*: That the defendant did so with the specific intent to promote, manage, establish, or carry on unlawful activity; and

*Third*: That subsequent to the use of the mail or use of any facility in interstate commerce or foreign commerce, the defendant did knowingly and willfully promote, manage, establish, or carry on such unlawful activity.[2]

## STIPULATED FACTS

1. Wilhan Martono admits and agrees that, from on or about April 11, 2018, and continuing through on or about June 17, 2020, in the Northern District of Texas and elsewhere, with the intent to promote and facilitate the prostitution of another person, and using a facility and means of interstate and foreign commerce and in and affecting interstate and foreign commerce, he did own, manage, and operate an interactive computer service, as that term is defined in 47 U.S.C. § 230(f), and did promote and facilitate the prostitution of five or more persons, and did so in reckless disregard of the fact that such conduct contributed to sex trafficking in violation of 18 U.S.C. § 1591(a).

2. Martono owned, managed, and operated an interactive computer service as defined in 47 U.S.C. § 230, when he owned, managed, and operated cityxguide.com ("CityXGuide") and a network of interconnected websites, including cityxguide.net, cityxguide.co, cityxguide.be, bodyrubshop.com, capleasures.com, and backpage.co (hereinafter, the "Illicit Websites").

3. In owning, operating, and managing the Illicit Websites, Martono acted with the intent to promote and facilitate the prostitution of another person. The Illicit

---

[2] Based on Fifth Circuit Pattern Jury Instructions (Crim.) 2.74 (2019).

Websites allowed promoters (i.e., prostitutes, pimps, and brothels) to post and pay for prostitution advertisements. The Illicit Websites also allowed customers to view these prostitution advertisements, filter results by geography and category, and obtain contact information for the listed promoters.

4. Advertisements posted on the Illicit Websites generally included photographs of the female being advertised, along with a physical description of her anatomy (including a description of "Breasts," "Breasts Type," and "Grooming Down Under"). Advertisements further specified who the female "see[s]" (i.e., men, women, and/or couples), whether she is available for "Incall[s]" or "Outcall[s]," what her "Work Hours" are, and what "Method of Payments" are accepted. Advertisements also provided a name, age, location, and contact information for the female being advertised.

5. Under the "Intimate Activities" category, advertisements specified the sexual services provided. The Illicit Websites provide a menu of "Intimate Activities" to choose from, allowing promoters to select the services to be listed in a particular advertisement by clicking a check box. Customers can then filter advertisements based on the services listed. The menu of "Intimate Activities" includes the following: "Breast relief / Russian," "Deep Throat," "Domination – mild (BDSM)," "Domination – severe," "Face sitting," "Fantasy outfits (on request)," "Girlfriend experience," "Intercourse – Anal (Greek)," "Intercourse – Oral," "Intercourse – Vaginal (FS)," "Kissing – closed lips," "Kissing – deep (DFK)," "Lunch / dinner dates," "Massage – sensual," "Massage – therapeutic," "Multiple sessions within date time (MSOG)," "Oral – CIM," "Oral – receiving (DATY)," "Oral – without condom (BBBJ)," "Pornstar experience (PSE),"

"Prostate Massage," "Rimming – receiving," "Role-playing," "Service by two providers," "Striptease," "Submission," "Toy show," "Travel / extended dates," "Water sports – giving," "Water sports – receiving," "Will entertain couples," and "Will entertain women."

6. In owning, operating, and managing the Illicit Websites, Martono used a facility of interstate and foreign commerce, namely, the Internet. Martono purchased the domain names of the Illicit Websites. He initially purchased the domain name for cityxguide.com on September 21, 2004. On April 7, 2018, he registered the domain names 1backpage.com, cityxguides.com, cityxguide.co, cityxguide.org, cityxguide.xyz, cityxguide.online, and cityxguide.live. On May 11, 2018, he registered newbackpage.co. He later registered bodyrubshop.com on October 6, 2018, and capleasures.com on April 12, 2019. Martono also purchased and maintained the servers that host the Illicit Websites. In order to manage and operate the Illicit Websites, Martono leased server space, purchased server equipment, and purchased blocks of Internet Protocol ("IP") addresses, including more than 95 unique IP addresses.

7. In owning, operating, and managing the Illicit Websites, Martono promoted or facilitated the prostitution of five or more persons. Together, the Illicit Websites posted hundreds of thousands of prostitution advertisements.

8. In owning, operating, and managing the Illicit Websites, Martono further acted in reckless disregard of the fact that such conduct contributed to sex trafficking in violation of 18 U.S.C. § 1591(a). Martono received numerous emails from federal, state, and local law enforcement officers across the country, informing him that CityXGuide

was being used to facilitate sex trafficking and child exploitation. He also received numerous subpoenas for subscriber information, IP addresses, and other records related to these investigations. Martono did not respond.

9. Martono further admits and agrees that, beginning in or around 2010, the exact date being unknown, and continuing through on or about June 17, 2020, in the Northern District of Texas and elsewhere, he did knowingly and willfully combine, conspire, confederate, and agree with other persons known and unknown, to commit an offense against the United States, to wit: Interstate and Foreign Travel and Transportation in Aid of Racketeering Enterprises—Facilitating Prostitution, in violation of 18 U.S.C. § 1952(a)(3)(A).

10. Specifically, Martono did knowingly and willfully combine, conspire, confederate, and agree with the promoters (i.e., prostitutes, pimps, and brothels) who posted and paid for prostitution advertisements on the Illicit Websites to commit Interstate and Foreign Travel and Transportation in Aid of Racketeering Enterprises—Facilitating Prostitution, in violation of 18 U.S.C. § 1952(a)(3)(A).

11. The object of the conspiracy was to obtain money from the promotion and facilitation of prostitution. The manner and means of the conspiracy are described above in Paragraphs 2–8. Martono also committed numerous overt acts in furtherance of the conspiracy, including by purchasing the domain names for the Illicit Websites, purchasing and maintaining the servers that hosted the Illicit Websites, and purchasing the server space, server equipment, and blocks of IP addresses to operate the Illicit Websites.

12.     Martono designed the payment system on the Illicit Websites to accept gift cards and Bitcoin in payment for prostitution advertisement upgrades. He then used CardCash, a third-party gift card reseller, to exchange batches of gift cards for U.S. currency.

13.     Martono would then funnel the money obtained from his transactions with CardCash through a network of bank accounts to be used for personal expenses and to maintain the Illicit Websites. The bank accounts containing these proceeds from the Illicit Websites include the following:

   a.   All funds contained in checking account #XXXXXXX6485 in the name of Wilhan Martono at Bank of America.

   b.   All funds contained in checking account #XXXXXXX9716 in the name of Host Online LLC at Bank of America.

   c.   All funds contained in checking account #XXXXXX7129 in the name of Wilhan Martono at Wells Fargo Bank.

   d.   All funds contained in checking account #XXXXXX7876 in the name of Wilhan Martono dba Gamers and Gifts at Union Bank.

   e.   All funds contained in checking account #XXXXXX3465 in the name of Wilhan Martono at Union Bank.

   f.   All funds contained in account #XXXXX4691 in the name of Wilhan Martono at TD Ameritrade.

   g.   All funds contained in savings account #XXXXXXXX7663 in the name of Wilhan Martono at Barclays Bank Delaware.

   h.   All funds contained in savings account #XXXXXXXX3027 in the name of Wilhan Martono at Goldman Sachs.

   i.   All funds contained in checking account #XXXXXX1866 in the name of Wilhan Martono and Chenny Atmadja at JPMorgan Chase Bank.

   j.   All funds contained in checking account #XXXXX2158 in the name of Wilhan Martono dba Gamers and Gifts at JPMorgan Chase Bank.

    k.    All funds contained in checking account #XXXXX8510 in the name of Wilhan Martono at HSBC Bank.

    l.    All funds contained in savings account #XXXXX0436 in the name of Wilhan Martono at HSBC Bank.

    m.    All things of value, including precious metals and bullion, purchased in 2018 and 2019 by, for, or on behalf of Wilhan Martono from Silver Bullion Pte LTD (UEN 200907537M) in Singapore.

    n.    All things of value, including precious metals and bullion, purchased in 2018 and 2019 by, for, or on behalf of Wilhan Martono from Silver Bullion Pte LTD (UEN 200907537M) in Singapore and stored, maintained, or housed at Safe House SG Pte Ltd (UEN 201326241Z) in Singapore.

    o.    Any and all cryptocurrency received in the course of operating the Illicit Websites.

14.    Martono agrees that he committed all the essential elements of the offenses to which he is pleading guilty. This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Counts One and Two of the indictment.

AGREED TO AND STIPULATED on this 16 day of Jun , 2021.

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

_____
WILHAN MARTONO
Defendant

_____
Siddharth Mody
Texas Bar No. 24072791
Rebekah Ricketts
Texas Bar No. 24074883
John de la Garza
Texas Bar No. 00796455
Assistant United States Attorneys
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8744
Facsimile: 214-659-8800
Email: siddharth.mody@usdoj.gov

_____
PETER MICHAEL BARRETT
Attorney for Defendant