IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:20-CR-274 |
| WILHAN MARTONO | |

## PRELIMINARY ORDER OF FORFEITURE

Based on the government's Unopposed Motion for Preliminary Order of Forfeiture, and good cause appearing, the Court GRANTS the motion, finding the following:

Considering the defendant's plea of guilty to Counts One and Two of the Indictment charging the defendant; his Plea Agreement; and his Factual Resume, the defendant, Wilhan Martono, must forfeit the following property to the government, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as proceeds derived from Counts One and Two, and pursuant to 18 U.S.C. § 2428(a) as property used or intended to be used in the commission of Count One ("the Subject Property"):

  a. All funds contained in checking account #XXXXXXX6485 in the name of Wilhan Martono at Bank of America.
  b. All funds contained in checking account #XXXXXXX9716 in the name of Host Online LLC at Bank of America.
  c. All funds contained in checking account #XXXXXX7129 in the name of Wilhan Martono at Wells Fargo Bank.
  d. All funds contained in checking account #XXXXXX7876 in the name of Wilhan Martono dba Gamers and Gifts at Union Bank.
  e. All funds contained in checking account #XXXXXX3465 in the name of Wilhan Martono at Union Bank.
  f. All funds contained in account #XXXXX4691 in the name of Wilhan Martono at TD Ameritrade.
  g. All funds contained in savings account #XXXXXXXX7663 in the name of Wilhan Martono at Barclays Bank Delaware.
  h. All funds contained in savings account #XXXXXXXX3027 in the name of

      Wilhan Martono at Goldman Sachs.

i. All funds contained in checking account #XXXXXX1866 in the name of Wilhan Martono and Chenny Atmadja at JPMorgan Chase Bank.

j. All funds contained in checking account #XXXXX2158 in the name of Wilhan Martono dba Gamers and Gifts at JPMorgan Chase Bank.

k. All funds contained in checking account #XXXXX8510 in the name of Wilhan Martono at HSBC Bank.

l. All funds contained in savings account #XXXXX0436 in the name of Wilhan Martono at HSBC Bank.

m. All things of value, including precious metals and bullion, purchased in 2018 and 2019 by, for, or on behalf of Wilhan Martono from Silver Bullion Pte LTD (UEN 200907537M) in Singapore, to include:
    i. all funds held in/at Silver Bullion Pte LTD account number 6015-1540 in the name of Wilhan Martono and/or Surjady Martono

n. All things of value, including precious metals and bullion, purchased in 2018 and 2019 by, for, or on behalf of Wilhan Martono from Silver Bullion Pte LTD (UEN 200907537M) in Singapore and stored, maintained, or housed at Safe House SG Pte Ltd (UEN 201326241Z) in Singapore, to include:
    i. all funds contained in account 0100564534 at Standard Chartered (Singapore) Bank Limited in the name of Surjady Martono traceable to the liquidation of approximately $2,000,000 worth of bullion originally held at Silver Bullion PTE for Wilhan Martono.

o. Any and all cryptocurrency received in the course of operating CityXGuide and the affiliated websites, to include:
    i. 55 Bitcoin turned over by the defendant to the government pursuant to his Plea Agreement.

p. Any and all digital or electronic devices used to create, host, and operate CityXGuide and its affiliated websites, to include any and all digital or electronic devices found at Wilhan Martono's residence in California, at Hurricane Electric in California, and at locations outside the United States, as further listed and described in Attachment A to this Order.

q. All domain names seized and used to operate CityXGuide and its affiliated websites and/or domains, to include:
    i. bodyrubshop.com.
    ii. cityxguide.co.
    iii. cityxguide.com.
    iv. cityxguide.net.

r. Precious metals and jewelry seized from the residence of Wilhan Martono, to include:
    i. the Rolex Oyster Perpetual Day-Date 36mm watch, model #128348, serial #95S7474117, bracelet #7FN 83408, clasp #1XK;
    ii. the Rolex Oyster Perpetual Datejust 36mm watch, model #126233,

serial #K62469S3, bracelet #F3F 62803, clasp #K8P.

The government has established the requisite nexus between the Subject Property and the offenses to which the defendant has pled guilty, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 2428(a), and Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, IT IS HEREBY ORDERED that all right, title, and interest in the Subject Property is forfeited by the defendant to the United States of America.

Under Fed. R. Crim. P. 32.2(b)(3), the Department of Homeland Security (and/or any duly authorized federal agency) is authorized to seize the Subject Property, conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, and commence an ancillary proceeding under 21 U.S.C. § 853(n) to account for potential third-party interests.

Under 21 U.S.C. § 853(n)(1), the government shall publish notice of this Order on the government website www.forfeiture.gov.  The government may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Under 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property.  Under 21 U.S.C. § 853(n)(3), any third-party petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title,

or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claims, and the relief sought.

Under Fed. R. Crim. P. 32.2(c)(1)(B), after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

Under 21 U.S.C. § 853(n)(7), the Court will decide, if necessary, any third-party interests.

Under Fed. R. Crim. P. 32.2(b)(4), this order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and referenced in the judgment.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary under Fed. R. Crim. P. 32.2(e).

SO ORDERED this 21st day of October 2022.

_____
DAVID C. GODBEY
CHIEF UNITED STATES DISTRICT JUDGE